## WILLIAMS v. PERRY.
### No. 4045.

Court of Civil Appeals of Texas. Texarkana.
June 27, 1931.

Rehearing Denied July 2, 1931.

Crumpton & Crumpton, of Texarkana, for appellant.

L. C. Boswell and N. L. Dalby, both of Texarkana, for appellee.

WILLSON, C. J. (after stating the case as above).

Appellant insists, in effect, that his right to the custody of the children was absolute, and that it was error to deny him such custody in the absence of pleading and proof showing that he had voluntarily parted with such right. The contention is on the theory advanced by the petitioner in Ex parte Sams (Tex. Civ. App.) 161 S. W. 388, 389, that "the district court [quoting] in a habeas corpus proceeding has no right to inquire into the matter of the fitness of a parent to care for his minor child, unless it is first shown that said parent has voluntarily surrendered his custody of the child to some other person." It seems the appellant here, as did the appellant in Long v. Smith, 162 S. W. 25, 27, decided by the same court that decided Ex parte Sams, misconstrued the effect of the holding in the latter case, for the court in the former case, referring to the Sams Case, said: "We did not concede the legal proposition announced by appellant in that cause. * * * Our courts have held the proposition that presumptively the best interests of the child is with the parent; but where conditions overcome this presumption, the infant's interest being the real issue, blended with the interests of society, this presumptive right of the parent is negatived and destroyed, and society and the government, as well as that of the child's interests, arise requiring a different custody."

■■ That the interests of the child, and not the right of its parents, is of controlling importance in determining a question as to the child's custody arising in this kind of a proceeding, we think is well settled by decisions of the courts of this state. In Tunnell v. Reeves, 35 S.W.(2d) 707, 709, the Commission of Appeals said: "The writ of habeas corpus is used in this state as a form of procedure for the purpose of litigating questions as to the proper custody of children and ascertaining what would be to the best interest of the child, to society and to the state,

and is addressed to the equity powers of the court, and the power is given to the courts to make the change as a remedial right. The trial judge sits as a court of chancery, exercising broad equitable power, and the rules regulating the exercise of that power are and should be liberally construed." And in Davis v. Sears, 35 S.W.(2d) 99, 102, where a contention similar to the one urged here was made, the Commission of Appeals said: "The parents' right to the custody of their child, however, is not absolute, but is subject to judicial control, when the interest of the child demands it, and must yield, where the real and permanent interest of the child demands a different disposition." And the Commission of Appeals said, further: "What is the best interest of the infant? is the question upon which all cases turn at last. * * * As to what was the child's best interest, notwithstanding the qualification of the natural parents, was the vital ultimate issue before the court for determination. It was the controlling issue of fact. * * * The authorities of this state * * * are almost uniform in holding that, in a contest for the custody of a minor, that person is entitled to such custody in whose custody the interest and welfare of the child will be best promoted." As we construe the rulings in the opinions from which we have quoted, supported as they are by the holdings in many other cases which could be cited, there is no merit in appellant's contention in the respect specified, and it is overruled.

The facts of the case, as found by the trial court, are set out in the statement above. Except on the theory hereinabove referred to as advanced in the Sams Case, we do not understand appellant to be in the attitude of questioning the sufficiency of the findings made by the trial court, set out above to support the judgment. His contention with reference to that phase of the case seems to be that the finding numbered 4, so far as it was that he neglected his children and failed to support them, the finding numbered 7, so far as it was that the "surroundings" of the children would not be as good with him as they would be with appellee, the finding numbered 10, so far as it was that the children wished to remain with appellee and would be happiest with her, and the finding numbered 11, were without evidence to support them. We have read and considered the testimony in the statement of facts, and do not agree with appellant that it did not warrant the finding and parts of findings specified. And if we did agree with appellant as to those matters, we probably would not reverse the judgment, for we are inclined to think it would have sufficient support in the findings of the court not attacked as lacking in evidence to support them. In passing upon the case, the trial court exercised an "equitable discretion" (Davis v. Sears, supra) in determining what was best for the children, and in determining the question "had the opportunity [this court is without] to observe the parties and weigh their respective qualifications." "The right of custody," said the court in Stout v. Myers (Tex. Civ. App.) 242 S. W. 1109, 1111, "is largely a question to be decided by the trial court in the exercise of his judicial discretion." And see Duckworth v. Thompson (Tex. Civ. App.) 22 S.W.(2d) 528, where it was said that even the verdict of a jury on an issue as to the proper custody of a minor child, was "merely advisory," which the trial court might adopt or not, as it saw proper in awarding custody of the child; and Cecacci v. Martelli (Tex. Civ. App.) 235 S. W. 951, 953, where the court said a question as to the custody of a child is one of fact "which must be determined by the trial court, and unless the finding of that court is so against the preponderance of the evidence as to be clearly wrong it will not be disturbed by an appellate court."

The judgment is affirmed.