## WILLIAMS v. PERRY.
### No. 1638—6064.

Commission of Appeals of Texas, Section A.
March 15, 1933.

Sid Crumpton and Travers Crumpton, both of Texarkana, for plaintiff in error.

L. C. Boswell and N. L. Dalby, both of Texarkana, for defendant in error.

CRITZ, Judge.

The plaintiff in error, Dee Williams, filed this suit in form of a habeas corpus proceeding in the district court of Bowie county, Tex., for the custody of his two minor children, Majorie, a girl about nine, and Bobbie, a boy about seven. Williams alleges that he is the father of these children, and that Mrs. A. A. Perry, defendant in error, is unlawfully detaining them from his custody and control. Trial in the district court resulted in a judgment awarding the two children to the custody of Mrs. Perry, but giving Williams the right to visit them and have them visit him. This judgment was affirmed by the Court of Civil Appeals. 40 S.W.(2d) 929. Williams brings error.

The trial court heard the evidence and filed the following conclusions of fact:

"1. I find that Majorie Williams, nine years of age and Bobbie Williams, seven years of age are the children of D. Williams and his former wife, Lucile Williams, who is a daughter of the defendant, Mrs. A. A. Perry. 2. That more than a year before this suit was instituted, the plaintiff abandoned his said wife, and that she with said children went to live with, and lived continuously from that time until some time in the month of February, 1931, with the defendant, and that since said time, said children have been living as before with defendant. 3. That during the married lifetime of the plaintiff and his wife, Lucile, said children spent a great deal of their time with their Grandmother, the defendant in this suit, and that at all times a great love and affection has existed on the part of the children for their Grandmother, Mrs. A. A. Perry, and that a great love and affection has existed and still exists on her part for them. 4. That after the separation of the plaintiff and his wife, Lucile, that he neglected said children and their support a great deal of the time; that a short time after said separation he filed a petition for a divorce from his wife, and afterwards in the month of March, 1930, a divorce was granted on a cross bill filed by his wife in said divorce proceedings on the accusation of statutory grounds of adultery between the plaintiff and some other woman. 5. That the plaintiff agreed with his said wife that she might have the care and custody of said children but that no disposition of them was made in the divorce decree. 6. That after a divorce was granted to the plaintiff's wife that within a few months he married again and married a woman with an unsavory reputation, but that they are not living together at this time. 7. That the plaintiff has no home but lives with his father at Eldorado, Arkansas, and that if the custody of the children was awarded to him he would be compelled to confide their care to his sister who lives at Smackover, Arkansas, and who has a boy of her own who is now seven years of age, and though the plaintiff's sister would be able to furnish them with a reasonably comfortable place to live that the surroundings would not be as good as at their present location. I further find that the plaintiff's sister and her family have been associated but casually with these two minor children and are almost strangers to them as far as association is concerned, and that no particular ties of affection exist between said children and the plaintiff's sister and her family, and that there is no way of knowing whether the relation between these two families of children would be pleasant. 8. That in the month of February 1931, the mother of said minors, Lucile Williams, was adjudged insane and is now in the insane asylum at Austin, Texas. 9. That Mrs. A. A. Perry, the Grandmother, owns her home in the City of Texarkana, Texas, and that while she is in poor financial circumstances she is willing to give said children a home with her, and give them the proper care and training and that she is altogether a proper and suitable person to have their custody, and that her home is altogether a suitable place for said children to live; that it is situated in a good neighborhood, convenient to Church and School, and that there is no other small children in the home and that they would be surrounded there with proper and wholesome influence. I further find that while said children have lived with their Grandmother which has been for considerably more than a year, that they have been regularly sent to school and are well advanced, have been regularly carried to Sunday School and Church by their Grandmother, and that this situation will be continued if said children are left in her care and custody. 10. That said children have reached the age of sufficient discretion to, in a large measure, appreciate their situation and that they very much desire to remain in the home of their Grandmother, and will be much happier if they are left in her custody than if they should be placed in the family of the plaintiff's sister. 11. That the plaintiff's conduct in abandoning his wife and his lack of care and concern for the welfare of his children, his association with another man's wife and his hasty action for divorce and his subsequent marriage to a woman of low character and unsavory reputation, render him subject to severe criticism and call for much reformation on his part, but situated as he is, I feel constrained to find as a fact that he is unable to furnish to his children surroundings as good for their benefit as their present surroundings, and that it is decidedly to the best interest of said children that they be continued in the custody of their Grandmother, at least until the plaintiff has shown some evidence of reformation and has sur-

rounded himself with a situation that will afford said children as good opportunities as they will enjoy in the custody of their Grandmother."

We have carefully read the entire statement of facts, and in our opinion the above conclusions are fully supported thereby.

In addition to the facts found by the trial court, we think the record further justifies the conclusions in favor of the judgment, that Williams now has a job and is financially able to care for these children, but judging the future by the past, it is very doubtful whether he will do so. We are further justified in concluding that Williams can visit his children and be visited by them as conveniently if they are left with Mrs. Perry as he can if they are placed with his sister out of the jurisdiction of the courts of this state. We further conclude that there is nothing in the way of Williams supporting his children if they are left with Mrs. Perry. Finally, we are justified in concluding from the record, as a whole, that Williams has grossly wronged the mother of these children and by his own outrageous conduct compelled his wife to take the children and leave him and return to her mother's home. We further conclude in favor of the judgment of the trial court and the facts that Williams is a man of bad moral character, who has abandoned and neglected his wife and children without just cause or lawful excuse, and from the record, as a whole, we think the trial court was justified in concluding that he is a man morally unfit to be intrusted with the training of these children for citizenship, and the molding of their characters. In connection with this matter we call attention to the fact that his wife obtained a divorce from him on the grounds of adultery. This was an adjudication that he "abandoned her and lived in adultery with another woman." Article 4629, subd. 3, R. C. S. 1925.

Under the above record, the case is presented to the Supreme Court by two assignments of error. We shall discuss such assignments in the order in which they appear in the application.

■ The first assignment is as follows: "The court erred in not sustaining plaintiff's general demurrer to the appellee's answer because it shows the relation to the minors only as maternal grandmother and not as their legal guardian. Neither do they allege any legal rights by gift or consent to her possession of the children and neither are there allegations or facts showing a disqualification of the father to the custody of his minor children."

This is a habeas corpus proceeding conducted by a district judge sitting as a court of chancery for the purpose of determining the care and custody of two children of tender years. In such a case, pleading is of little importance and the judge exercising the jurisdiction of a chancellor has broad equitable powers. In other words, the rule is that the powers of the judge are liberally construed. Tunnell v. Reeves (Tex. Com. App.) 35 S.W.(2d) 707, 710. As said by Judge Sharp speaking for this section of the commission in the Tunnell Case, supra, "in our judgment it is more a matter of evidence than a matter of pleading." Under this rule, the district judge is not bound by any technical rules of pleading, but has a right to hear the full facts and act in the light thereof.

■■ Williams' second assignment of error is as follows: "Conceding that the defendant in error has legal standing in court and that her control or custody was legal and by reason thereof she would have the right in the district court to invoke the equitable remedy to determine the best interest of the minors, in such trial the burden of proof would be on the defendant in error to establish such fact by a preponderance of the evidence, and being of such nature as to show the disqualification and incompetency of the parent in order to overcome the presumption of law in favor of the parent that in as much as he has the legal right to his children their best interest would be in his custody."

A careful reading of the above assignment demonstrates that at best it is only sufficient to raise in the Supreme Court the bare question as to whether there is any probative evidence in the record to sustain a fact finding that Williams is an improper person to have the custody of these two children. The Supreme Court is a court of law and has no jurisdiction to disturb the fact findings of the two lower courts, unless there is no evidence in the record of probative force to sustain such findings. When we come to examine the findings of the trial court and the record on which it is based, we are driven to the conclusion that there is considerable evidence in the record of probative force supporting the conclusion that Williams is an improper person to have the custody of these two children. This being the case, we are not authorized to disturb this judgment on account of the question raised by this assignment.

We recommend that the judgment of the Court of Civil Appeals, which affirms the judgment of the trial court, be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals affirmed.