## CASTLEBERRY v. CASTLEBERRY.
### No. 8690.

Court of Civil Appeals of Texas. Austin.
Sept. 28, 1938.

Rehearing Denied Oct. 26, 1938.

 

Harris & Harris, of Austin, and Seale & Thompson, of Nacogdoches, for plaintiff in error.

Jas. A. King, of Austin, for defendant in error.

BLAIR, Justice.

The parties are referred to herein as appellant and appellee. This appeal arose out of the following proceedings: On April 6, 1935, appellee obtained a divorce from appellant, the decree awarding the custody of the small daughter of the marriage to appellant. Thereafter, on November 23, 1935, by her application (not in this record), appellee obtained an order or judgment "for a reformation and a modification of the original judgment" of April 6, 1935, which recited that after hearing the evidence it appeared that the "stipulations of the original judgment have been violated by the defendant (appellant), and that he has taken such minor child into other states and has maintained no proper home nor moral surroundings for the child; and that she has been removed from one state to another without informing her mother (appellee) of her whereabouts"; and that "the custody, care and maintenance of the minor child, Anne Elizabeth Castleberry, is in all things and in every particular removed from the said R. W. Castleberry, and vested and placed in the mother, Martha Anne Castleberry, the plaintiff. '* * * That commencing on the 1st day of December, 1935, and to continue until said minor child reaches the age of 15 years, the defendant shall pay into the registry of this court the sum of $30 per month, and shall pay a like amount on the first of each month thereafter * * * for the use of said minor child and for her care, maintenance and education."

On November 26, 1935, appellant filed his "motion to vacate reformed judgment," of November 23, 1935, in which he alleged that he had received no notice of the application for a reformation of such judgment. On November 29, 1935, he filed his "application and order to file amended motion to vacate reformed judgment." This "motion" to correct and alter the reformed judgment was filed November 29, 1935, and attacked the jurisdiction of the court to enter the reformed judgment of November 23, 1935, because the term of the court at which the original judgment had been entered on April 6, 1935, had adjourned. Thereafter, on January 11, 1937, appellant filed "defendant's motion and answer," which consisted of a lengthy pleading attacking the judgment of the court entered November 23, 1935, which awarded the care and custody of the minor child to appellee, upon the ground that the judgment of April 6th had become final. Appellant further asserted his right to the care and custody of the child, alleging grievous conditions surrounding the mother's custody of the child; and alleging that she was unfit to care for said child, and numerous other allegations derogatory of her right, which are not necessary to set forth. He further alleged that some sort of independent suit had been filed by appellee seeking to obtain the custody of the child; and his prayer was that appellee take nothing in this proceeding, and that his motion and answer filed herein be considered and ruled upon by the court; and that the unjust and fraudulent decree entered herein on November 23, 1935, be held void and of no force and effect; and that the full care and custody of said minor child be restored to appellant in accordance with the terms and conditions of the original decree and judgment of April 6, 1935. On March 6, 1937, after a hearing, the court entered its order overruling the defendant's "motion for new trial and to set aside the order of November 23rd, 1935"; and adjourned the October, 1935, term of the court as to this proceeding.

By his brief appellant contends that the trial court had no jurisdiction to enter the judgment of November 23, 1935, amending and reforming the judgment of April 6, 1935, awarding to him the custody and care of the child, because said judgment had become final by the adjournment of the term at which it was rendered. This position is not tenable, because the child custody judgment of April 6, 1935, was res adjudicata only of what was then before the court. In

the recent case of Goldsmith v. Salkey, 112 S.W.2d 165, 116 A.L.R. 1293, the Supreme Court held that [page 168]: "A subsequent material change of conditions brings into being a new and independent cause of action. The original custody judgment may be absolute and final in form. In reality, it is temporary and conditional. Whether expressed or not, the law writes into each of such judgments, in substance, that its finality ends when and if conditions affecting the welfare of the child have materially changed. So that it may be said that a petition alleging such facts is in no sense an attack upon such former judgment, but is an independent suit, having to do with a present status, and challenging the jurisdiction of a proper court to declare such status upon the basis of the then welfare of the child."

■■ Nor do we sustain the contention of appellant that appellee neither plead nor proved any changed conditions with regard to appellant's custody and care of the child that occurred after the date of the judgment of April 6, 1935, which awarded to him the full and complete custody of the child. Appellant has not presented in this record any of the pleadings of the parties with regard to the reformation of the judgment of April 6, 1935, except the several motions and answers of appellant aforementioned. The burden was upon appellant to bring forward the pleadings of all parties necessary to the determination of the issues raised on his appeal. This he has not done. Nor has appellant filed any statement of the facts adduced on the hearing of appellee's application to change the custody of the child from appellant to herself. Nor has any statement of the facts adduced on any hearing of appellant's motions and answers been filed. In absence of such pleadings and statement of facts this court cannot pass upon any question with regard to the sufficiency of the pleadings or of the evidence to show changed conditions surrounding the custody of the child by appellant after the judgment of April 6, 1935, awarding the custody of the child to him; nor as to changed conditions surrounding the child after the decree of November 23, 1935, which changed the custody of the child from the father to the mother. The orders and judgments pertaining to the aforementioned proceedings all recite hearings thereon, and the judgment of November 23, 1935, recites that the evidence showed that appellant had taken the child out of the State and had not maintained any proper home or moral surroundings for the child. In absence of a statement of facts showing the contrary, such recitations of facts must be given absolute verity.

■■ Looking alone, however, to the pleadings of appellant shown in the transcript, they constitute in substance and nature a habeas corpus proceeding, seeking to have the custody of the child returned to him, based upon alleged grievous conditions then existing and surrounding the custody and care of the child by appellee. The order recites that these matters were heard and the motion for a new trial and any relief thereon was denied appellant. Such proceeding is entirely sufficient as a habeas corpus proceeding under the settled rule in this State that pleadings are of little importance in habeas corpus proceedings; and that where the allegations of the petition show a changed condition which had occurred since the judgment awarding custody of the child, they are sufficient, and the court has jurisdiction even though a former judgment finally awarded the custody of the child under conditions then existing to one or the other parent. Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Williams v. Perry, Tex.Com.App., 58 S.W.2d 31. And in this connection it cannot be material whether the new proceedings showing changed conditions are filed under the old docket number of the original divorce proceedings. Such proceedings showing changed conditions are in fact an "independent suit, having to do with the present status, and challenging the jurisdiction of a proper court to declare such status upon the basis of the then welfare of the child." Goldsmith v. Salkey, supra.

■■ It is the contention of appellant that the court had no jurisdiction to enter its judgment against him for $30 per month for the support, care and education of the child. This contention is not sustained, because it is settled that courts of competent jurisdiction may by the medium of an application for a writ of habeas corpus control the custody and care of minor children; and that upon obtaining jurisdiction of the matter, will go further and determine all questions arising in respect

to the right to such custody, care and maintenance. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707. Appellant makes no complaint as to the amount required of him; and the judgment recites that the payment is "based upon a hearing on the facts and inquiry into the surroundings and circumstances of the case and of the ability of" appellant to contribute that amount to the support of the child.

The judgment of the trial court is affirmed.

Affirmed.