## R. W. Castleberry v. Martha Anne Castleberry.

No. 7512. Decided January 24, 1940.
Rehearing overruled February 14, 1940.
(135 S. W., 2d Series, 701.)

*Harris & Harris,* of Austin, *Seale & Thompson,* of Nacogdoches, *Lee R. Stroud,* of Kaufman, *Howard H. Dailey* and *R. W. Castleberry,* both of Dallas, for plaintiff in error.

*James A. King, of Austin,* for defendant in error.

Mr. Judge German delivered the opinion of the Commission of Appeals, Section A.

On April 6, 1935, in Cause No. 53993 on the docket of the 98th Judicial District Court of Travis County, of which Judge J. D. Moore was Presiding Judge, a decree of divorce was entered in favor of Martha Anne Castleberry and against R. W. Castleberry. This judgment incorporated a written agreement of the parties by which the custody of Anne Elizabeth Castleberry, a child of tender years, was given to R. W. Castleberry; there being a declaration in the judgment that this was to the best interest of the child. Said judgment became final.

On November 23, 1935, and at a succeeding term of said court, with Judge W. F. Robertson presiding, what is designated a "Reformed Judgment" was entered in said cause. This so-called reformed judgment completely wiped out all provisions of the judgment of April 6, 1935, with respect to the custody of the child, and in lieu thereof awarded custody of said child to Martha Anne Castleberry, and in addition decreed that R. W. Castleberry should pay into the registry of the court the sum of $30.00 per month for the maintenance and support of said child until she should reach the age of fifteen years. While said purported judgment recites that application of plaintiff Martha Anne Castleberry for reformation of said judgment came on for hearing, and that defendant R. W. Castleberry had notice, yet, so far as disclosed by the record, no petition, motion, or application was ever filed, and defendant was not given any notice whatever. Furthermore, said purported judgment shows on its face that it was entered by default.

Within a few days after the entry of said purported decree plaintiff in error R. W. Castleberry filed motion to vacate or set aside same. Thereafter he filed several amendments of said motion, which are referred to in the opinion of the Court of Civil Appeals. First and last, said motion had as its prime purpose the setting aside and expunging from the record the purported judgment of November 23, 1935. The two principal grounds urged touching its invalidity were that it was entered without any notice whatever to plaintiff in error, and was entered without any pleading being filed upon which it could be based. The motion, as amended, was finally overruled on May 6, 1937, and notice of appeal was given. The order overruling same recites that it was taken up and acted upon in the absence of the plaintiff in error.

■ Appeal by writ of error to the Court of Civil Appeals resulted in the judgment of November 23, 1935, being affirmed. 120 S. W. (2d) 468. It seems to us almost too clear for argument that the purported decree of November 23, 1935, was a nullity. In the first place, on appeal from a default judgment the record must show an appearance by defendant or due service of citation, independent of recitals in the judgment. Flynt v. City of Kingsville, 125 Texas 510, 82 S. W. (2d) 934, and the great array of authorities there cited.

■■ In the next place, while an action may be brought at a later term of court, or even in another court, concerning the custody of a child, yet such action is regarded as an independent suit, and undoubtedly cannot be brought without the filing of a petition in writing setting up facts sufficient to invoke the jurisdiction of the court. The record in this case fails to show that any petition, motion or application was filed to form the basis of the purported reformed judgment of November 23, 1935, but on the contrary negatives the idea that one was filed. Article 2278 of the Revised Statutes of 1925 makes it the duty of the clerk to deliver to the party applying therefor a transcript of the record, which shall, except in certain cases, "contain a full and correct copy of all the proceedings had in the cause." This case does not fall within any exceptions. Articles 2282 provides that the clerk shall certify to the correctness of the transcript, and shall state whether the same be a transcript of all the proceedings in the cause, or a transcript agreed upon by the parties. The certificate of the district clerk to the transcript in this case shows that it is a "true and correct transcript of all proceedings had and orders entered" in this cause. It is certainly to be presumed that the clerk did his duty, that his certificate is correct, and that the transcript contains a complete record of the cause, as the certificate recites. Wyss v. Bookman, (Com. App.) 235 S. W. 567; Bomar v. Munn, 158 S. W. 1186; Palmer v. Spandenberg, 49 Texas Civ. App., 331, 108 S. W. 477. If the transcript had not been complete, defendant in error had ample opportunity to show this and either file a complete transcript or get the appeal dismissed.

The judgments of the Court of Civil Appeals and of the district court are reversed, and judgment is here rendered setting aside and holding for naught the purported decree of November 23, 1935.

Opinion adopted by the Supreme Court January 24, 1940.

Rehearing overruled February 14, 1940.