## GINN et al. v. SOUTHWEST BITU-LITHIC CO.

### No. 4012.

Court of Civil Appeals of Texas. El Paso. Nov. 28, 1940.

Rehearing Denied March 20, 1941.

Seabury, Taylor & Wagner, of Brownsville (Volney Taylor, Jr., and F. B. Wagner, both of Brownsville, of Counsel), for plaintiffs in error.

West & Hightower, of Brownsville, for defendant in error.

PRICE, Chief Justice.

This is an appeal by writ of error from a judgment of the District Court of Cameron County. The judgment established in favor of defendant in error, against plaintiffs in error and the other defendants, an indebtedness of $806.89, and foreclosed a

lien therefor on Block 79 of Paredes Addition to the City of Brownsville, except Lot 14 thereof.

Plaintiffs in error perfecting this appeal are Agnes Atelia Ginn, joined by her husband, Robert Ginn, Frances Verien Browne, Stephen Browne and wife, as next friends of Mary Hilma Browne, a minor, and G. R. Smith and wife, as next friends for James Joseph Smith, a minor. The sureties on the writ of error bond are Irene B. Mason, O. K. Mason, and S. P. Browne. Irene B. Mason was a co-defendant with plaintiffs in error individually, as trustee and as independent executrix of the estate of Agnes A. Browne, deceased. O. K. Mason was likewise a co-defendant in the case; S. P. Browne was a co-defendant in his capacity as trustee for Gregg Properties, Inc. The bond was made payable to the three above named sureties, as well as all other defendants, and to the defendant in error.

■ Defendant in error in its brief urges that the appeal be dismissed on account of defective bond. This motion is not timely. In our opinion any defects in the bond have been waived by failure to make timely objection thereto.

The sureties have no judgment against plaintiffs in error and plaintiffs in error have no judgment against them.

The bond is, we think, highly irregular, but sufficient to confer jurisdiction.

In substance, the judgment is assailed for lack of personal jurisdiction over the plaintiffs in error. The case was tried on a first amended original petition filed December 8, 1933, recited it was in lieu of the original petition filed October 5, 1933. This original petition does not appear in the transcript. In the amended petition it appears that defendants Agnes Teresa Smith, James Joseph Smith, Agnes Atelia Browne, Frances Verien Browne, Mary Hilma Browne, and James Andrew Browne, were minors.

On December 9, 1932, citation issued for Agnes Teresa Smith and James Joseph Smith, citing them to answer the amended petition. This citation is returned as not executed as to James Joseph Smith.

Citation issued for James Joseph Smith to Cameron County on December 26, 1933, and was duly filed December 28, 1933; the return shows service on December 27, 1933. The body of the citation cites him to appear and answer plaintiff's petition filed on October 5, 1933. The filing of the amended petition is not mentioned in the citation.

The record fails to show any process of any nature was served on plaintiffs in error other than James Joseph Smith. They were parties defendant and minors and a judgment was entered against them condemning any interest they might have in the property involved to the satisfaction of defendant in error's alleged debt.

■ It is clear that where a judgment is directly assailed the record must show jurisdiction over the person of the attacking defendant in order to withstand the assault. Recitals in the judgment cannot supply this necessity of a showing of personal jurisdiction. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934; Castleberry v. Castleberry, 134 Tex. 409, 135 S.W. 2d 701, and cases cited.

■ The court appointed a guardian ad litem to represent these plaintiffs in error. In the absence of jurisdiction over them there was no power to take this action. 23 Tex.Jur. p. 771, Sec. 73; Wheeler v. Ahrenbeak, 54 Tex. 535; Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676; Morris v. Drescher, Tex.Civ.App., 123 S.W.2d 958; Wright v. Jones, Tex.Com.App., 52 S.W.2d 247.

■ It is clear that the judgment against the uncited plaintiffs in error must be set aside.

■ A somewhat different situation is presented as to plaintiff in error James Joseph Smith. Citation was served upon him, and the question as to its sufficiency to give jurisdiction over him is involved. As has been stated, he was cited to answer a petition filed on October 5, 1933. At the time of the issuance and service of the citation this petition had been superseded by an amended petition filed December 8, 1933. See Rule 14, District and County Courts. The original petition is not in the record. The similarity of its allegations to those of the amended petition do not appear. The judgment against him was on the amended petition. The date of the filing thereof is not shown by the citation. Article 2022, R.S.1925. In our opinion, jurisdiction over his person is not shown by the transcript, and he is entitled to have the judgment against him reversed.

■ Defendant in error urges that plaintiffs in error were not necessary par-

ties to the suit. In order to consider this it will be necessary to make a brief statement of the pleadings and as to the judgment rendered.

Defendant in error sought recovery on a special paving assessment certificate issued to it by the City of Brownsville, purporting to be a lien on the property here involved, same being alleged to be due and payable by Irene B. Mason, Irene B. Mason, trustee, S. P. Browne, J. A. Browne and Mary Browne Smith; further, the foreclosure of a mechanic's lien contract on the property given by Irene B. Mason, as executrix of the estate of Agnes A. Browne, deceased, as cumulative security of the payment of the liability for the paving. It is alleged that defendants, and each of them, respectively, claim some right in or title to a lien upon the property, but that such right is subordinate to its lien.

Defendant S. P. Browne filed answer. Defendants Fernandez, as trustee, Barreda, and Jessup, as independent executor, all filed disclaimers. The minor defendants, through guardian ad litem, filed answer. The other defendants did not answer. Defendant S. P. Browne did not present any defense at the trial.

Judgment gave foreclosure against all defendants. The personal liability of the defendant sought to be so held was not disposed of by the judgments, further than it was provided that, even if the property when sold should not bring enough to satisfy the claim, the officers should return the order of sale as fully satisfied. All costs were adjudged against the proceeds of the property, including a fee of twenty-five dollars in favor of the guardian ad litem.

The statement of facts consists entirely of documentary evidence, save for the testimony of the Honorable R. A. Hightower, attorney for the plaintiff in the cause and attorney for defendant in error here. Mr. Hightower testified in substance that nobody had any interest in the property save his client; that the ownership to the fee title to the property was in the Browne heirs and Rentfro & Cole, and Mr. Cole represented those of the heirs who assert or show any interest in the property—that an understanding had been reached with him.

In considering this appeal it must be borne in mind that the only issue is as to the power of the trial court to enter the judgment. Plaintiffs in error are not seeking equitable relief as to the awarding of which the court may attach equitable conditions or be governed by equitable considerations. If there was no power to enter the judgment as to them, they are entitled to have the judgment reversed. It is true that Mr. Hightower testified they had no interest in the property. Plaintiffs in error being without legal notice of the pendency of suit, had no opportunity to contest this. The documentary evidence fails to throw any light as to the character of the interests of plaintiffs in error in the property; it fails to indicate in any conclusive way who owns the property. It is insisted that information as to these matters may be gathered from a perusal of the report of the case of Gregg v. First National Bank, Tex.Com.App., 26 S.W.2d 179, 181, in the Court of Civil Appeals, First Nat. Bank v. Browne, 18 S.W.2d 772. We quote from the report of the case in the Supreme Court: "At the time of the execution sale under which John Gregg acquired title to the interest devised to James A. Browne, all of the debts of the estate had been paid and nothing remained to be done by the executrix except to divide the estate into five equal portions and convey four of the same to the children mentioned in the second paragraph of the will; * * *."

The report of the opinion shows that the sale was on execution issuing June 11, 1928. Referring to the opinion of the Court of Civil Appeals, it appears that the sale was held on July 3, 1928. If on July 3, 1928, the estate was ready for distribution, some suspicion is cast on a mortgage given by the executrix on June 13th of the same year. We do not think this statement in the opinion is binding on defendant in error. By the same token, we do not think we may supply other facts therefrom not appearing in the record here. We are not unmindful of the fact that in the establishment of a secured claim against an estate the independent executor is perhaps ordinarily the only necessary party, and that the heirs are not such. In this proceeding, however, there are two sources of the lien asserted, the assessment lien and the contract lien. The judgment seems to foreclose both. Under the foreclosure of the assessment lien we think the plaintiffs in error were necessary parties, or at least the record does not show they were not such.

The case of Lewright v. Reese, Tex.Civ. App., 223 S.W. 270, is cited as showing the lack of equity here. In that case equitable relief was sought; here, this is not the case.

██ In our opinion, justice would be best subserved by reversing and remanding the entire cause. It is so ordered.