## EX PARTE ELIZABETH BOREN EATON

No. A-3793. Decided November 5, 1952.
Rehearing overruled December 3, 1952.
(252 S. W., 2d Series, 557.)

582

*Everett B. Lord* and *J. R. McDougald,* of Beaumont, and *Horace H. Shelton,* of Austin, for relator.

*Baldwin & Votaw* and *E. B. Votaw,* all of Beaumont, for Respondent, C. H. (Charley) Meyer, Sheriff of Jefferson County, Texas.

MR. JUSTICE SHARP delivered the opinion of the Court.

Mrs. Elizabeth Boren Eaton, relator herein, filed a petition in this Court for a writ of habeas corpus, which was granted on August 5, 1952. She alleged that she was imprisoned for contempt of the Second District Court of Cherokee County in failing to comply with the order of the court issued in Cause No. 17,787, styled John Parker Eaton v. Elizabeth Boren Eaton, dated May 10, 1950. The cause was a divorce proceeding, instituted by John Parker Eaton, which resulted in relator's obtaining a divorce on her cross-action. It was ordered that relator be awarded the care, custody, and control of the two minor children, John Parker Eaton, Jr., nine years of age, and James Foster Eaton, seven years of age, at all times, with certain exceptions, which are as follows: That during the year 1950 and beginning at the end of the first week of the public school vacation John Parker Eaton was to have custody of the children for a continuous period of six weeks. For each and every year there-

after relator was to have custody, except for a period of time beginning one week after the close of the regular public school year and ending one week prior to the beginning of the subsequent regular school year. During that period John Parker Eaton was to have exclusive custody of the children, except for a period of ten days, to be selected by relator.

On May 8, 1951, that portion of the divorce decree concerning the custody of the children was modified so that the period of time during the school vacation during which John Parker Eaton was to have custody of the children was to begin two weeks after the close of the school year, and to end two weeks prior to the beginning of the subsequent school year. During this period John Parker Eaton was to have exclusive custody of the children.

Relator attacks this modified order as being void, on the ground that it was an agreed judgment and was made by her attorney without her consent. Relator's attorney at that time stated in an affidavit in the instant record that he was not certain whether the modified judgment was procured by him at the instigation of relator or of her father.

After the divorce was granted relator moved to Abilene, Taylor County, Texas, where she has since resided with the two minor children; and John Parker Eaton moved to Jefferson County, where he now resides. On May 10, 1952, relator brought suit in the District Court of Taylor County, in Cause No. 18,234-A, seeking full custody of the minor children, and alleging a change in conditions since the entry of the judgment in Cause No. 17,787, granting the divorce, and requesting that a temporary injunction be issued restraining John Parker Eaton from having custody of the two minor children during the pendency of the suit. Relator alleged that since the entry of the original decree on May 10, 1950, in Cause No. 17,787, the conditions have changed, and filed a verified petition alleging such changes, as follows:

"Plaintiff would show that since the entry of said judgment the conditions have so changed that it would be to the best interest of said minor children that she retain full and complete custody of said children the whole year round and that it would be dangerous to permit the defendant to have custody of said children during the summer months and that it would not be to the best interest of said children and plaintiff asks that the order be changed and modified where as she shall keep and re-

tain full and complete custody of said children the whole year round.

"Plaintiff would show that during the last summer when the defendant had custody of said children that they were not looked after properly and their lives were in danger and they were not given a proper and suitable home but were forced to live in an unsuitable and unwholesome environment. Plaintiff would show that she has been raising the children as they should be raised and that they had joined the church prior to spending their vacation with the defendant last summer and during the time they were with defendant they did not see the inside of a church. Plaintiff would show that during said time the defendant had not remarried but was living with a woman that he had since married. That said defendant and his present wife, whom he married after the summer vacation last summer, lived together in tourist courts and camps with these two boys during the summer vacation last summer. That the defendant drinks excessively and his present wife drinks excessively and during said vacation he tried to teach the two°minor children to smoke and drink. That the defendant drives while intoxicated and has had at least six wrecks that this plaintiff knows of and has had a wreck since this divorce and that he has killed two people in a car wreck and she fears for the safety of these children and that on the last occasion the defendant had the children, he left them alone two days and two nights and said children not knowing whether he was going to return called their grandparents to come to them. That it will ruin said children for them to be permitted to go back into the custody of said defendant for the summer vacation and it will endanger their lives and the defendant is not a proper and fit person to have said custody. Because of these changed conditions the plaintiff asks that the custody be permanently changed and that she be given full and complete custody of said children and that the defendant be restrained by a temporary injunction from having custody until and pending this hearing and that upon hearing a final order and judgment be entered giving her full and complete custody the year around."

This record shows that on May 10, 1952, the District Judge of the 42nd District Court of Taylor County issued the following order:

"Came on to be heard and in chambers the petition in the above entitled cause this *10th* day of May, 1952, and the Court having considered same is of the opinion that a temporary in-

junction should be issued to prevent the defendant from interfering with plaintiff's custody until a hearing on this cause and the defendant is ordered not to interfere with plaintiff's custody of said children and is further ordered to appear herein on the *31st* day of May, 1952, at *10* a. m. to show cause, if any, why said temporary injunction should not be issued.

"It is ordered that the clerk serve a copy of the notice and petition upon the defendant. The clerk is ordered to issue a writ of injunction quoting this fiat, to be served upon the defendant."

The record before us does not show what disposition was made of the foregoing order. However, John Parker Eaton filed a plea of privilege, and after a hearing on such plea the district judge entered an order, dated May 31, 1952, transferring the cause to the Criminal District Court of Jefferson County, Texas, and all papers in the cause were transferred to the district clerk of that court.

By an order of the District Judge of the Criminal District Court of Jefferson County, in Cause No. 33,201-C, dated July 2, 1952, John Parker Eaton was temporarily enjoined from taking any further action against relator in Cause No. 17, 787, pending in the District Court of Cherokee County, with reference to the care, custody, and control of the two minor children. On the 8th day of July, 1952, the same district judge awarded the temporary care, custody, and control of the two minor children to relator, pending the final hearing and disposition of the cause. By order dated August 8, 1952, the District Judge of the 60th Judicial District Court of Jefferson County heard the motion of John Parker Eaton to vacate the order awarding the temporary custody of the two children to relator; and it appearing to the court that the cause was originally transferred by the District Court of Taylor County to the Criminal District Court of Jefferson County, and was subsequently transferred to the 60th Judicial District Court of Jefferson County, the order further recites that the order of the Judge of the Criminal District Court awarding the custody of the two minor children to relator be vacated, on the ground that no notice was ever issued, and none was ever served upon either the said John Parker Eaton or his attorneys of record.

On July 2, 1952, after due notice to John Parker Eaton and a hearing at which both parties were represented by their attorneys of record, the Criminal District Court of Jefferson County

issued a temporary writ of injunction enjoining John Parker Eaton from taking any further proceedings with reference to the custody of the children in Cause No. 17,787 in the District Court of Cherokee County, wherein show cause proceedings were set for a hearing on July 7, 1952. Immediately after the granting of the injunction, John Parker Eaton was granted permission by the court to supersede the injunction by the filing of a supersedeas bond, which he duly filed. An appeal was perfected from the injunction to the Beaumont Court of Civil Appeals, where the matter is now pending and is set for submission and oral argument on November 6, 1952.

On July 7, 1952, a hearing was held in the Cherokee County District Court on the contempt proceedings instituted by John Parker Eaton, and on July 14th relator was adjudged in contempt. The judgment recited that the suit pending in Jefferson County was no defense to the contempt proceedings, and that relator had failed to adduce evidence to the effect that either the District Court of Taylor County or the District Court of Jefferson County had ever assumed active jurisdiction of the suits therein, or that either of those courts had entered any order setting aside the child custody orders of the District Court of Cherokee County. The judgment of July 14th recited, further, that no injunction had issue from the Criminal District Court in Jefferson County since it had been superseded by the filing of the supersedeas bond, and that even if such injunction had issued it would be immaterial, since the District Court of Chero-

kee County was empowered to determine its own jurisdiction, subject only to revision on appeal of the judgment of July 14, 1952, withholding punishment until July 21, 1952, in order to give relator further time to deliver custody of the minor children. On July 29, 1952, the District Court of Cherokee County issued a final judgment, adjudging relator to be in contempt, and ordering that she be imprisoned for 72 hours, and thereafter until she purged herself of contempt. On August 2, 1952, an order of commitment was issued, under which relator was taken into custody by the Sheriff of Jefferson County.

1 The care, custody, and control of minor children is of grave concern to the public, and courts are given wide discretion in dealing with the question. 15 Tex. Jur., p. 666, § 163; 5 Tex. Jur. Sup., p. 368, § 163; 17 Amer. Jur., p. 513, § 675; 27 C. J. S., p. 1176, § 310. The court in awarding the custody of a child should consider that the welfare of the child is the dominant

factor in reaching a decision. 5 Tex. Jur. Sup., p. 362, § 163; 27 C. J. S., p. 1170, § 309; Tunnell v. Reeves, Tex. Com. App., 35 S. W. 2d 707; Legate v. Legate, 87 Texas 248, 28 S. W. 281; State v. Deaton, 93 Texas 243, 54 S. W. 901; Patterson v. Wilson, Tex. Civ. App., 177 S. W. 2d 1004, Error Refused.

2    The order entered by the District Court of Cherokee County in Cause No. 17,787, awarding the custody of the children, did not preclude relator from filing an independent action in a different court, based upon changed conditions. An adjudication of the custody of the children may be reviewed, if a showing is made, since the entry of the original judgment, that conditions have so changed that the welfare of the children requires a change of custody. 5 Tex. Jur. Sup., p. 366, § 170; Kelly v. Page, Tex. Civ. App., 186 S. W. 2d 735, Error Refused; Ritch v. Ritch, Tex. Civ. App., 195 S. W. 2d 205; Goldsmith v. Salkey, 131 Texas 139, 112 S. W. 2d 165, 116 A. L. R. 1293; Lakey v. McCarroll, 134 Texas 191, 134 S. W. 2d 1016; Castleberry v. Castleberry, 134 Texas 409, 135 S. W. 2d 701; Oldham v. Oldham, Tex. Civ. App., 135 S. W. 564; Custer v. McGough, Tex. Civ. App., 184 S. W. 2d 668; Green v. Spell, Tex. Civ. App., 191 S. W. 2d 92, Error Refused.

3    Both parents have moved from Cherokee County. The father resides in Jefferson County, and the mother resides in Taylor County. Relator had the right to relitigate the custody of the children in an independent action, in a court of competent jurisdiction. She filed the suit in Taylor County, and John Parker Eaton filed his plea of privilege, setting up his residence as being in Jefferson County, and the court sustained his plea and transferred the cause to Jefferson County. The District Court in that county has jurisdiction to adjudicate the questions involved in that court. Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063.

If the facts showing changed conditions are true, as alleged by relator, then it is quite obvious why the actions of the District Court of Jefferson County, based upon the alleged changed conditions, should prevail. The very purpose of the suit is to obtain a different judgment from that entered in the District Court of Cherokee County, and jurisdiction of the new and independent suit rests in the District Court of Jefferson County. Until the matters involved in the suit now pending in the District Court of Jefferson County are adjudicated, the District Court of Cherokee County does not have jurisdiction to find

relator guilty of contempt, as was done in this instance, as that court is without jurisdiction of the matters involved.

The action of the District Court of Cherokee County conflicted with the jurisdiction of the District Court of Jefferson County, and therefore the action of the District Court of Cherokee County finding relator in contempt cannot be sustained. It is therefore ordered that relator be discharged from the custody of the Sheriff of Jefferson County.

Opinion delivered November 5, 1952.

Rehearing overruled December 3, 1952.