**FURRER v. FURRER.**

No. 10213.

Court of Civil Appeals of Texas.

Austin.

March 31, 1954.

John B. McNamara, Jr., Waco, for appellant.

H. S. Beard, Waco, for appellee.

ARCHER, Chief Justice.

This is a child custody case, instituted by appellee. The parties were formerly husband and wife, but were divorced on the 5th day of, September, 1950, in the 54th District Court of McLennan County and the sole custody of their daughter, Janet Suzanne Furrer, age 2 years, was awarded to appellant with visiting privileges to the appellee who was ordered to contribute to the support of the child.

On a trial had in the District Court of Bell County the custody was changed so as to award same to appellee from 3:00 p. m. to 8:00 p. m. on the second and fourth Sundays of each month, and for a period beginning at 9:00 a. m. the second Monday in each July and continuing through the following Sunday at 8:00 p. m.

The appellant assigns as error the action of the court in that appellee's pleading and proof wholly failed to allege or show new or changed conditions since the former judgment to invoke the jurisdiction of the court requiring such change for the welfare and best interest of said child.

Appellant says that the pleadings are not specific and not sufficient to support evidence to justify the court in disturbing the previously determined award of custody, and that the evidence is not sufficient to support the court's action.

Appellee contends that the appellant's obstructive tactics against him in his efforts to exercise his visiting privilege with his daughter, coupled with her admitted objections to his visiting with the child outside appellant's presence or the presence of appellee's parents, which were begun only after appellant's second marriage, is a sufficient change of conditions to warrant a change in the sole custody award to appellant. Appellant has remarried and been divorced since the divorce between the parties hereto.

We believe that the pleadings were sufficient in a child custody hearing, since such pleadings are of little importance other than to raise the issues and to have all interested parties cited and an opportunity to be present and heard, since the District Judge has broad equitable powers in such cases. Williams v. Perry, Tex.Com.App. 1933, 58 S.W.2d 31; Felker v. Felker, Tex. Civ.App., 216 S.W.2d 669, error ref. N.R.E.; Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557.

Appellee testified that prior to his second marriage he had no trouble in seeing his child, but after he married again when he called, and that he had called any number of times, there was always something going to happen, or something else would come up, one thing after another.

Appellant testified that she did not object to appellee seeing the child now, in her home or in the home of the child's grandparents. Further testimony was given as to the health of the child and of constant care needed, and that the mother understood such illness, and that neither the father nor his present wife understood the proper treatment of the child.

The trial court saw the parties and heard their testimony and was in a position to determine what would be for the best interest of the child, and his action should not be disturbed unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. In awarding custody the court should consider that the welfare of the child is the dominant factor in reaching a decision.

We believe it to be for the best interest of a child to know and be with each of its parents. We recognize that in almost all instances that the mother is the proper person to have custody of a small child and no criticism was directed against the mother or the father as not being suitable persons to have the custody of the child except the mother says that the father does not understand the little girl or her illness.

Changed conditions may be the growing older of the child, the establishment of a home to which the child could be brought and become better acquainted with each of its parents.

Appellee has remarried and has a home, and his wife testified that she would love and care for the child while with them. The father has always contributed to the support of the child. Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Felker v. Felker, supra.

The original judgment provided for reasonable visitation by the father, and we believe that the order in the present hearing only makes certain this privilege, which is very limited and entirely reasonable, and the custody of the child for all practical purposes remains in the mother.

It is the obligation and duty of the parents of a child, even after divorce, to cooperate fully with each other in an effort in behalf of the best interest of their child.

The judgment of the trial court is affirmed.

Affirmed.