946

James D. FOY, Appellant,

v.

Sara Geraldine FOY, Appellee.

No. 4313.

Court of Civil Appeals of Texas.

Waco.

Feb. 18, 1965.

Rehearing Denied March 11, 1965.

Charles M. McDonald, Waco, for appellant.

Raymond R. Mormino, Waco, for appellee.

WILSON, Justice.

This appeal is from an order denying appellant's application for reduction in child support, fixed by divorce decree of the previous year at $500 per month.

■ Appellant's argument is pointed chiefly at convincing that the trial court would have been warranted by the evidence in reducing the amount of payments. The burden, however, is to show an abuse of discretion. Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557, 560; Scott v. Fort Worth Nat. Bank, Tex.Civ.App., 170 S.W.2d 576; DeViney v. DeViney, Tex.Civ.App., 269 S.W.2d 936, writ ref., n. r. e.; Madden v. Madden, Tex.Civ.App., 365 S.W.2d 427.

■ The evidence emphasized by appellant is that his gross annual income of $37,000 for each of the two preceding years was several thousand dollars larger than it appeared that for the current year would be; and that his expenses after remarriage, including those for support of his present wife and her three children, are approximately $300 per month greater than at the time of divorce. The entire record, in-

cluding other circumstances relied on by appellant, however, will not support the conclusion that there is an abuse of discretion. See Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Angel v. Todd, Tex.Civ.App., 368 S.W.2d 224, 227; Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133, 135, writ ref. n. r. e.

■ It is contended that the court erred in denying reduction because appellee's monthly statutory reports of expenditures show she has been spending about $30 of the $500 monthly child support payment for life insurance premiums on a policy insuring her life, issued after the divorce decree. It is said failure to order reduction in view of this expenditure requires, in effect, the payment of alimony after divorce. No order approving or disapproving appellee's monthly reports as required by Sec. 1a, Art. 4639a, Vernon's Ann.Civ.St. appears in the record, and there is no indication they were presented or that the court's action thereon has been invoked. The record shows the two children of appellant and appellee, aged 7 and 11 years, are the insurance beneficiaries. Whether the policy provides term, whole life or other form of insurance, whether it has a cash value, or what its other provisions are, is not reflected. A portion of the premium payment appears to be for hospitalization and burial insurance covering the children. Although appellee reported payment of insurance premiums from the $500 monthly payment, there is evidence to show funds in addition thereto in excess of insurance premiums were also spent by appellee in support of the children. There is thus no showing that the payment is of such nature as to require us to hold the trial court required payment of alimony, or that the court's broad discretion was abused. We do not pass upon the question of whether a different judgment should follow if it had been established the payment was unauthorized, and was required by the court to be made.

Appellant's points are overruled. Affirmed.