**Linda Lea Wagenor TERRETT,**
**Appellant,**

v.

**Thomas H. WAGENOR, Jr., Appellee.**

**No. 18359.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 15, 1981.

Rehearing Denied Feb. 12, 1981.

Callaway & Marshall, and Sam J. Callaway, Jr., Fort Worth, for appellant.

Carmen Glazner, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a suit brought by Linda Lea Wagenor Terrett against her former husband, Thomas H. Wagenor, Jr., to change custody and seeking appointment as sole managing conservator of their three-year-old child, Summer Dee Wagenor, and for child support and attorney fees.

The original divorce decree provided that both parents should be appointed joint managing conservators but provided that the mother should have possession of the child at any and all reasonable times, to be agreed upon by the parties, but not less than every other weekend from 7:00 p. m. Friday to 7:00 p. m. Sunday, one evening during the odd week and one-half of any and all vacations. The father was to have the child at all other times. No child support was ordered in the original divorce decree. The trial court in the suit before us modified the decree and appointed the father managing conservator, named the mother as possessory conservator, and ordered the mother to pay $150.00 per month child support. The mother appeals.

We affirm.

The mother first contends that there was no evidence or insufficient evidence to show that retention of the present conservators would be injurious to the child. The mother testified that the visitation schedule was as follows: "I have her Friday, Saturday, Sunday, he picks her up on Monday evening at day care and then he will have her Monday night and Tuesday and I pick her up Wednesday after I get off at one. I will have her Wednesday and Thursday and then he will pick her up on Friday. He will have her Friday, Saturday, Sunday and I pick her up on Monday and it continues." The exchange point was the day care center at Watauga.

The father testified that the visitation schedule above is essentially correct. Each of the parties has remarried. The mother has moved to Azle. An aunt testified that the schedule contributed at times to the child's medicine being mixed up at school, which was dangerous to the child's health, and caused other problems, especially when the child was ill. The child referred to her dad's house and to her mother's house, but never to her home. The mother testified that the child was confused by the arrangement and that her security was not solid. The father testified that the child needed to have "one house, one home, one atmosphere" instead of going back and forth.

The mother moved to Pelican Bay at Azle, where she lived with her new husband, and his son and daughter lived with them part-time. The home consisted of a two-bedroom mobile home. They had problems with space for sleeping when Summer and the other two children were there at the same time.

It is the opinion of both parents that the child needs to belong somewhere. Existing problems will be compounded as the child reaches school age while living in two different school districts.

The mother testified that she wanted the child to be with the father as much as possible. The mother's representation to the court was that the child should have limited visitation with her father.

There was increased bickering between the parents concerning the child. It was not working out, and the child was being passed around too much. At times the child was attended to by a baby sitter. Each of the parties testified at length concerning the best interest of the child and the injurious effect of the present arrangement.

We hold that the above evidence and the record as a whole supports the judg-

ment. The judgment is supported by evidence, and the mother's points concerning insufficient evidence and no evidence are overruled.

The mother next contends that the order modifying the decree should be set aside because the father does not have sufficient pleadings to support the judgment. The father, in response to the motion to modify the divorce judgment, filed only a general denial. The court heard testimony as to the earning capacity of each party and the respective spouses. The mother named $150.00 per month as a reasonable figure for child support if she were named sole managing conservator. She stated she was willing to pay some money if the father were named sole managing conservator but declined to estimate what she would consider reasonable. Only twice during the trial did the mother's attorney object to any of the testimony on the grounds that there were no pleadings to support the testimony.

■ It is our opinion that the point of no pleadings has been waived and the issue was tried by consent.

■ If we be in error in the above, we are of the opinion the law is such that this point should be overruled.

Tex. Family Code Ann. sec. 14.07(a) (1975), provides:

"The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child."

In *Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967), the supreme court passed on a similar situation concerning pleadings in a suit to modify a custody decree. In that case appellant urged the proposition that the visitation decree of the trial court did not conform to the pleadings and was fundamentally erroneous and void, and that the trial court created visitation privileges which were entirely without support in the pleadings and the prayer. In passing on this question the supreme court stated:

"[W]e are of the view that a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings. *Ex Parte Eaton*, 151 Tex. 581, 252 S.W.2d 557 (1952); *Furrer v. Furrer*, 267 S.W.2d 226, (Tex.Civ.App.—Austin 1954, no writ). Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children. *Conley v. St. Jacques*, 110 S.W.2d 1238, 1242 (Tex.Civ.App.—Amarillo 1937, writ dism'd); *Williams v. Guynes*, 97 S.W.2d 988 (Tex.Civ.App.—El Paso 1936, no writ). It is beside the point that in the instant proceeding the trial court, whether erroneously or not, construed the pleadings of petitioner as seeking only a modification of visitation rights; the point is that once the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence." 413 S.W.2d at 701.

To the same effect and concerning the award of child support in the absence of a pleading for it, see *Boriack v. Boriack*, 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd).

In the case before us, the mother put in issue by pleadings and proof the issue of what conservatorship was in the best interest of the child. This issue was thoroughly tried. The evidence shows that the circumstances affecting the child's health and welfare have substantially changed since the original divorce decree and a continuation of the present circumstances would be injurious to the health and welfare of the three-year-old child. We are of the opinion that the health and welfare of a three-year-old child should not be endangered by possible deficiencies in pleadings under the circumstances of the case before us.

Each point of error has been severally considered and each is overruled. The judgment is affirmed.

MASSEY, C. J., dissents.

MASSEY, Chief Justice, dissenting.

It is obvious in this case that the original divorce decree of the father and mother of the minor child provided for "joint custody", or, in other words, that the father and mother should be co-managing conservators by the Texas Family Code. As reflected in the statement of facts the trial judge so understood the prior decree.

There is no question but that the suit brought and prosecuted by the mother was one by which she sought an order of the court in modification and change of the prior decree. By her pleadings she desired removal of the father as "joint custodian". She prayed that she be made the sole managing conservator, with the father made possessory conservator. In reply to this suit the father filed a general denial and nothing more. He sought no affirmative relief whatsoever. In other words, according to his pleadings, his position before the trial court was that of a defendant resisting an adversary's suit for relief and praying that such adversary take nothing. By a proper construction of his pleadings he sought to preserve the existing state of affairs—the joint custody of the parties' child.

During the course of the trial the father, through his attorney apparently attempted to change positions without amendment of pleadings. By some of his tendered evidence he apparently sought to show that it would be in his child's best interest if he were made sole managing conservator, with the mother ousted from her capacity as joint custodian of the child. At every stage where there was attempt to introduce evidence in support of such a theory there was prompt objection of the mother's attorney on the ground of absence of pleading in support. It could not be said that such a case was tried by express or implied consent. Furthermore, even had it been so tried there was no prayer by the father to be made sole managing conservator.

There was never any proffer of evidence favorable to a claim by the father, and against the mother, to the effect that continuation of the existent joint custody would be injurious to the welfare of the child; in other words there was no evidence in behalf of the father that continuation of the mother as a co-managing conservator would be thus harmful. Since September 1, 1975 it has been a part of the burden of pleading and proof on the part of one who seeks a decree in modification or change of an existing child custody decree to so show. Tex. Family Code Ann. sec. 14.08, "Modification of Order". Because of this want of evidence, aside from any question on pleadings, the father could not have shown himself entitled in this proceeding to be made sole managing conservator. The test of evidence to support the judgment would not be any different had the former decree been one by which the mother had been made the sole managing conservator.

Nevertheless the decree of the trial court did invest the father as the sole managing conservator and oust the mother as co-managing conservator. I would hold reversible error in the judgment for this reason.

Furthermore, I would also reverse because of the award made in favor of the father in grant of relief for which he did not ask by any pleading. 33 Tex.Jur.2d, p. 564, "Judgments", sec. 65, "(Conformity to Pleadings, Case Proved, Verdict, or Findings)—In general", and p. 573, sec. 70, "Effect of evidence" (1962); *Dean v. Maxwell*, 173 S.W.2d 246, 249 (Tex.Civ.App.—Eastland 1943, writ dism'd).

In *Dean v. Maxwell*, last cited, Justice Funderburk embarked on an interesting discussion of the question of the right to judgment for affirmative relief by a defendant who has not filed a cross-action or counter claim. About the only question not posed and answered by Funderburk would be that I here pose, to-wit: Had the plaintiff taken a non-suit before resting his case without any existent prayer of the defendant for affirmative relief, what relief could the trial court grant the defendant?

I respectfully dissent; I would reverse the judgment in this case.