L. L. COKER, Appellant,

v.

AUDAS, INC., Appellee.

No. 7616.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 15, 1964.

Rehearing Denied Dec. 31, 1964.

plea is said to be in this sentence: "I am the President and the duly authorized agent of Audas, Inc., a corporation, the defendant named in the within and foregoing plea of privilege, and all the allegations and statements of fact in such plea contained are, within my knowledge, true and correct". The appellant insists that the prepositional phrase "within my knowledge" qualifies the meaning of the last clause of the sentence, with the result that the affiant merely swears the allegations and statements of fact of which the affiant has knowledge, and none are particularized, are true and correct. The overall proposition is that the facts sworn to are indefinite.

■ Under common rules applicable to sentence structure, the position in the sentence of the phrase "within my knowledge" indicates the phrase is intended to be explanatory of the words "true" and "correct". "Within" is a preposition having various shades of meaning, depending upon the context in which it is used. See 45 Words and Phrases p. 378 et seq. Generally it conveys a thought similar in meaning to that conveyed by the word "inside". As "within" is used in it, the phrase conveys the idea that knowledge is possessed by the affiant of the truth and accuracy of the allegations and statements of fact contained in the plea of privilege. The affidavit is an effective verification of the plea.

The trial judge's factual conclusions as declared or implied by the judgment on several acts or omissions charged as negligent are challenged as being against the great weight and preponderance of the evidence. Subdivision 9A, Art. 1995, Vernon's Ann. Tex.St., is the statutory foundation supporting venue of Coker's suit in Hopkins County. His brief acknowledges the burden was on him in the trial court to establish by a preponderance of evidence that one of the negligent acts or omissions he charged against Audas, Inc., had occurred in Hopkins County; the negligent act or omission was that of a servant, agent or representative of Audas, Inc., acting within the scope

---

J. K. Brim, Sulphur Springs, for appellant.

Hardy Moore and Moore & Lipscomb, Paris, for appellee.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court sustaining the defendant's plea of privilege is affirmed.

Disposition of appellant L. L. Coker's first point of error calls for an examination of the sufficiency of the verification of a plea of privilege filed by the appellant, Audas, Inc. The vice in the affidavit to the

864

of his employment; and the negligent act or omission was a proximate cause of the injury Coker incurred.

As Plaintiff, the appellant Coker offered evidence that (1) paper cartons held in shape by metal staples were seen and found in the area where employees of Audas, Inc., conducted geophysical exploration on land under surface lease to Coker, and that Coker's dairy cattle were observed in the area eating paper cartons having a similar appearance; (2) two open shot holes (holes bored deep into the earth) were left unfilled and uncovered at the completion of the geophysical work; and (3) one of Coker's cows, following the exploration activities which included the use of a tractor, was "down with tractor tire tracks on her side and the skin off". This recitation only indicates something of the nature of the evidence produced by Coker. A considerable amount of evidence amplifying and adding to this was introduced upon each of these subjects. Reproduction of the whole of the evidentiary record is impractical and would not add significantly to an understanding of the question decided. Appellant Coker was a principal witness, and no case upon either of the subjects mentioned would be proven without his testimony. His credibility as an interested witness is an issue in each instance.

So far as the settlement of the facts in a case are concerned, a plea of privilege proceeding is not different from procedures and rules ordinarily followed in other cases. Compton v. Elliott, Tex.Com. App.1935, 88 S.W.2d 91. The evidence in the record favorable to the appellant is not of such volume, nature and cogency, nor of such inherent verity, when balanced against all of the other proven facts, circumstances and reasonable inferences, as to justify a judgment that the great weight and preponderance of the evidence favored the appellant on the factual issues in question. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Accordingly, the judgment of the trial court is affirmed.