Curtis W. RICE et ux., Appellants,

v.

TUCSON CREDIT UNION, Appellee.

No. 7809.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 21, 1967.

Rehearing Denied March 21, 1967.

John H. Regner, Houston, for appellants.

Joe F. Cannon and Charles M. Caussons, Jr., Houston, for appellee.

FANNING, Justice.

A summary judgment case. Plaintiff-appellee sued defendant-appellants upon two promissory notes executed by defendants to plaintiff, with plaintiff alleging to the effect that it was the owner and holder of said notes and indebtedness, that a balance of $861.17 was due and owing on said notes, and sought judgment for the balance due and for an attorney's fee. Photostatic copies of the notes were attached to plaintiff's original petition as exhibits.

Plaintiff filed a motion for summary judgment with affidavit made by plaintiff's attorney. The motion for summary judgment was set for hearing on March 21, 1966. Defendants-appellants filed no exception to the motion or affidavit, issued no interrogatories, took no depositions and filed no opposing affidavit. On the date of the hearing defendants filed a sworn general denial but filed no special exceptions to plaintiff's pleading, and made no offer to produce a controverting affidavit and sought no permission for additional time to produce any sort of controverting affidavits or other proper controverting matters.

The trial court granted plaintiff's motion for summary judgment and rendered judgment for plaintiff in the amount of $861.17, plus attorney fees as provided by said notes in the amount of $172.22 (20%) for a total of $1,033.39, with interest at the legal rate from the date of the judgment. The original notes were attached to the judgment when entered, and photostatic copies of said notes appear in the transcript as attached to said judgment. Defendants have appealed.

■ Appellants present two points on appeal. By their first point appellants contend to the effect that plaintiff's petition was insufficient to support the judgment. We think this point is without merit. In the first place, appellants did not file any exceptions of any character to the petition. In the second place, we think the petition, hereinbefore described, which had photostatic copies of the notes sued upon attached to the petition, had all the necessary averments to support the judgment rendered by the trial court. See 9 Tex.Jur.2d 266, Bills and Notes—Pleadings, § 243. Appellants' first point is overruled.

Appellants by their second point contend to the effect that the affidavit made by appellee's counsel in connection with the motion for summary judgment was fatally defective in form.

Plaintiff's motion for summary judgment was to the effect that: "This is a suit upon written promissory note herein verified by affidavit"; that defendants' answer was insufficient as a matter of law; that there was no genuine issue as to any material fact, and that plaintiff was entitled to judgment as a matter of law; that the motion was "based upon the pleadings and exhibits on file and the affidavits attached hereto", and that under same plaintiff was entitled to summary judgment as prayed for in its original petition, etc.

The motion was sworn to by plaintiff's attorney as follows:

"The State of Texas
County of Harris

"BEFORE ME, the undersigned authority, on this day personally appeared CHARLES M. COUSSONS, JR. known to me, who being duly sworn upon oath deposes and says that he is the Attorney for Tucson Credit Union and as such Attorney and Agent of the Plaintiff is authorized to make this affidavit; and that he is familiar with and cognizant of the facts stated in Plaintiff's Original Petition and Plaintiff's Motion for Summary Judgment in the above cause number 616,128, and the facts stated therein and all allegations therein are true and correct within his knowledge.

/s/ Charles M. Coussons, Jr.
CHARLES M. COUSSONS, JR.

"SWORN TO AND SUBSCRIBED before me this 3rd day of March, A. D. 1966, to certify which witness my hand and seal of office at Houston, Harris County, Texas.

Noel T. Kiost,
Notary Public in and for
Harris County, Texas"

Rule 14, Tex.R.Civ.P., provides as follows:

"Whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or his attorney."

■ Appellants equate the verification of the affidavit as one not made on knowledge but as one made on information and belief. If the affidavit was made on information and belief appellant would be correct, but we do not so construe the affidavit. The determination of upon what the affidavit was made is largely a question of diction and we think the words "within his knowledge" are clear and unambiguous and their meaning is well understood. For a case closely in point where the words "within my knowledge" were construed

with reference to an affidavit, see Coker v. Audas, Inc., Tex.Civ.App., 385 S.W.2d 862, no writ (1964) wherein Chief Justice Chadick writing for this court stated in part as follows:

"Disposition of appellant L. L. Coker's first point of error calls for an examination of the sufficiency of the verification of a plea of privilege filed by the appellant, Audas, Inc. The vice in the affidavit to the plea is said to be in this sentence: 'I am the President and the duly authorized agent of Audas, Inc., a corporation, the defendant named in the within and foregoing plea of privilege, and all the allegations and statements of fact in such plea contained are, within my knowledge, true and correct'. The appellant insists that the prepositional phrase 'within my knowledge' qualifies the meaning of the last clause of the sentence, with the result that the affiant merely swears the allegations and statements of fact of which the affiant has knowledge, and none are particularized, are true and correct. The overall proposition is that the facts sworn to are indefinite.

"Under common rules applicable to sentence structure, the position in the sentence of the phrase 'within my knowledge' indicates the phrase is intended to be explanatory of the words 'true' and 'correct'. 'Within' is a preposition having various shades of meaning, depending upon the context in which it is used. See 45 Words and Phrases, p. 378 et seq. Generally it conveys a thought similar in meaning to that conveyed by the word 'inside'. As 'within' is used in it, the phrase conveys the idea that knowledge is possessed by the affiant of the truth and accuracy of the allegations and statements of fact contained in the plea of privilege. The affidavit is an effective verification of the plea."

Appellants' second point is overruled.

■ Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4, 1962 Cumulative Supplement § 17.26.3a p. 47; Savoy v. Graham Memorial Auditorium, Association, Inc., Tex.Civ.App., 329 S.W.2d 352, no writ (1959); Gray v. Storey, Tex.Civ.App., 383 S.W.2d 487, no writ (1964).

The judgment of the trial court is affirmed.