**Kenneth M. McENROE, Appellant,**

**v.**

**Catherine McENROE, H. G. Buchanan and Tommie Buchanan, Appellees.**

**No. 4783.**

Court of Civil Appeals of Texas.

Waco.

Jan. 16, 1969.

Haley, Fulbright, Winniford, Sessions & Bice, W. C. Haley, Waco, for appellant.

Mclaughlin, Clark, Fisher, Gorin & McDonald, Charles M. McDonald, David G. Copeland, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Kenneth McEnroe from an interlocutory order of the trial court granting temporary injunction enjoining Kenneth McEnroe and others from removing the minor child, Michael Ray McEnroe from the possession of Catherine McEnroe pending final hearing and determination of a custody suit pending between the parties.

H. G. Buchanan and wife (maternal aunt and uncle) filed suit in 74th District Court on October 18, 1968 seeking custody of Michael Ray McEnroe. Catherine McEnroe, the child's mother filed cross-action seeking temporary custody pending final hearing and temporary injunction enjoining Kenneth McEnroe and the Buchanans from removing the child from her possession pending final hearing, and prayed that upon final hearing that the child be awarded to her. After hearing the trial court granted temporary custody to Catherine McEnroe, and further granted temporary injunction enjoining Kenneth McEnroe and the Buchanans from removing the child from the possession of the mother pending final hearing.

Kenneth McEnroe, the father appeals contending the trial court abused its discretion in granting the temporary injunction.

The record reflects the minor had been physically present in McLennan County with his mother since July 1967; that the child was in school in McLennan County at the time of the hearing; that he was going to church in McLennan County, in good health and happy with his mother. The trial court had all parties before the Court and heard them testify. The trial court determined that the best interest of the minor would be served by leaving the child in McLennan County in possession of his mother where the minor had been continuously since July 9, 1967, pending final hearing on the merits.

The trial court had jurisdiction of the case. Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557. And the trial court had the power to award temporary custody of the minor child pending trial on the merits. Page v. Sherril, Tex., 415 S.W.2d 642.

The trial court has broad discretion to grant or deny temporary injunction, and the scope of review is limited to the narrow function of whether the Judge's action was a clear abuse of discretion. Janus Films Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589.

Under the record we cannot say a clear abuse of discretion has been shown on the part of the trial court. Appellants point is overruled. Affirmed.