Ex parte Catherine E. McEnroe **PETERSON** et al., Relators.

No. B-1590.

Supreme Court of Texas.

July 30, 1969.

McLaughlin, Clark, Fisher, Gorin & McDonald, Charles M. McDonald, Waco, for relators.

Coker & Coker, Ernest Coker, Jr., Conroe, for respondent.

GREENHILL, Justice.

This original habeas corpus proceeding is an outgrowth not only of an unfortunate battle between contesting parents and relatives for the custody of a child but a dispute as to which of two district courts had or have jurisdiction to determine such custody. While one of the district courts was attempting to enforce its custody order by commanding the relators to produce the child before it, a Court of Civil Appeals temporarily prohibited that district court from proceeding. The district court complied with the order, and no proceedings were had on the date previously set by the district court and on which relators had been commanded to appear. When the appellate court later dissolved its temporary writ of prohibition, the district court had relators arrested and put in jail without setting a new hearing date and getting out new notices to appear. We hold that such action deprived the relators of their liberty without due process.

Relators are Catherine McEnroe Peterson,[1] H. C. Buchanan, and Tommie Buchanan. We shall refer to them as Catherine et al. They were committed to jail under the provisions of Article 11.34, Vernon's Ann.Texas Code of Criminal Procedure, for having disobeyed a writ of habeas corpus served upon them and issued by the Ninth District Court of Waller County, Texas, sitting at Hempstead, Texas. That court will hereinafter be referred to as the Waller County court. The writ was issued by the Waller County court in an attempt to enforce that court's judgment awarding custody of Michael Ray McEnroe to his father, Dr. Kenneth McEnroe.

Dr. Kenneth McEnroe and Catherine McEnroe were divorced by the Waller

---

1. Catherine McEnroe became Catherine McEnroe Peterson after most of the events in this case had already transpired, and therefor for purposes of clarity she will be referred to throughout this opinion as "Catherine" or "Catherine McEnroe."

County court on November 7, 1964. Custody of their child, Michael Ray McEnroe, was awarded to Catherine's parents who are not parties to this action.

Dr. McEnroe instituted suit some years later in the same Waller County court to readjudicate custody of the child. Catherine intervened in the suit, and asserted that custody of the child should be awarded to her. That suit culminated with an order signed August 16, 1968, placing custody of the child in his father, Dr. McEnroe. It is this judgment that the Waller County court later attempted to enforce by writ of habeas corpus.

In the meantime, however, and before the writs of habeas corpus here involved were issued, a hearing was held in the Waller County court on October 14, 1968, in response to Dr. McEnroe's complaint that Catherine had never surrendered possession of the child to him in compliance with the order of August 16, 1968. At the hearing it was agreed by all parties that Dr. McEnroe could take possession of the child on October 19 at the office of one of Catherine's attorneys in Waco, Texas.

Dr. McEnroe appeared at the appointed time to pick up the child. Catherine's attorney brought the child out into the front of his office and delivered him to Dr. McEnroe. The attorney then commanded Dr. McEnroe to leave the office. As Dr. McEnroe opened the office door to leave with the child, he was confronted with two deputy sheriffs from McLennan County, Texas, who thereupon served him with an order restraining him from removing the child from McLennan County, and with citation in a new suit to readjudicate custody filed by Catherine McEnroe's aunt and uncle, Tommie and H. C. Buchanan. Mrs. Tommie Buchanan also accompanied the deputy sheriffs, and she took possession of the child as Dr. McEnroe was being served with process.

The Buchanans' custody suit was filed on October 18, 1968, in the 74th District Court of McLennan County, Texas, sitting in Waco, Texas, hereinafter referred to as the McLennan County court. Both Catherine McEnroe and Dr. McEnroe were named as defendants. Catherine McEnroe filed a counterclaim against the Buchanans and a cross-claim against her co-defendant Dr. McEnroe. She alleged that a material change in conditions had occurred since the Waller County judgment of August 16, 1968, and prayed for temporary custody of the child pending a final determination of her claim for permanent custody. A transcript of these proceedings was not included in the record of this case, but an order of the McLennan court is reproduced in the parties' briefs, and it recites that Dr. McEnroe appeared personally and through his attorneys, and participated in the temporary custody hearing. No contention is made that Dr. McEnroe made a plea to the court's jurisdiction on the basis that the Waller County court had exclusive jurisdiction.

The McLennan County court awarded Catherine temporary custody of the child on October 25, 1968, and temporarily enjoined Dr. McEnroe from removing the child from the possession of Catherine McEnroe pending final determination of the custody suit. Dr. McEnroe appealed from this temporary injunction which was eventually affirmed by the Court of Civil Appeals on January 16, 1969;[2] but before any action was taken by the appellant court, Dr. McEnroe attempted to secure possession of the child by filing an application for writ of habeas corpus in the Waller County court. It was alleged in the application that the child was "illegally confined and restrained from his liberty" by Catherine McEnroe and the Buchanans; that Dr. McEnroe was the person entitled to the custody of the child under the Waller County court's judgment of August 16, 1968; and that "such judgment is still in full force and effect and has not been altered or changed by said Court or otherwise. * *"

2. The opinion is not reported.

It was further alleged that Dr. McEnroe had appeared in Waco at the attorney's office to pick up the child as ordered by the Waller County court, and that "At such time Kenneth M. McEnroe was not permitted to carry said child out of the confines of McLennan County or from having the child in his possession." (sic)

In response to the application for writ of habeas corpus, the Waller County court entered an order on November 19, 1968, addressed to Catherine McEnroe, Tommie Buchanan, and H. G. Buchanan, commanding them "to produce before this Court * * * on the 29th day of November, 1968 * * * the person of Michael Ray McEnroe, whom it is alleged you illegally have in your custody and restrain from his liberty." It is this order which relators Catherine et al. were eventually committed to jail for having disobeyed.

At the instance of Catherine et al., on November 27, two days before they were scheduled to produce the child in the Waller County court, the Court of Civil Appeals sitting at Waco, issued a temporary writ of prohibition against the Waller County court, prohibiting it from taking further action in the habeas corpus proceeding instituted by Dr. McEnroe. This order was still in effect on the date on which the Waller County court had ordered Catherine et al. to produce the child.

Relators' request for a permanent writ of prohibition was ultimately denied by the Court of Civil Appeals, and the temporary writ dissolved; but in the meantime, Catherine et al. contend they had no obligation or duty to appear and produce the child in Waller County on November 29, the date originally set for the habeas corpus hearing, because of the action of the Court of Civil Appeals in entering the order prohibiting the Waller County court from proceeding. The temporary writ of prohibition of the Court of Civil Appeals was dissolved some time *after* November 29, and it was therefore necessary, according to relators Catherine et al., for the Waller County court to set, and to notify them of, a new date for the habeas corpus hearing. The new hearing date was set for March 24, 1969. The Waller County court itself did not notify Catherine et al. or their attorneys of the new hearing date, nor did the court order them to appear and produce the child on the new hearing date; but notice of the new date was mailed to their attorneys by Dr. McEnroe's attorney.

The attorney for relators Catherine et al. appeared at the hearing on March 24, 1969, but relators themselves did not appear. Their attorney, acting in their behalf, made a plea to the court's jurisdiction and a plea of privilege to be sued in McLennan County, the county of relators' residence. The plea to the court's jurisdiction was based on relators' contention that the McLennan County court had acquired exclusive jurisdiction over the subject matter of the suit, and relators' attorney so informed the court. The pleas were overruled, and relators' attorney was ordered to have relators in attendance in court on March 31, 1969. Again, no notice of the new hearing date was given relators, and the court did not issue any process ordering relators Catherine et al. to appear and produce the child in court on March 31, 1969.

When Catherine et al. did not appear in court on March 31, 1969, the Waller County court issued three separate writs of attachment addressed to any peace officer of the state, commanding them to arrest the relator named in each attachment and "bring him immediately before this Court at Hempstead, Waller County, Texas." Catherine et al. were arrested in Waco, Texas, and placed in jail pending their transferral to Waller County. We granted their petition for writ of habeas corpus and admitted them to bail.

■ It is our opinion that Catherine et al. have been deprived of their liberty without due process of law, and are entitled to be discharged from the sheriff's custody. It is fundamental that notice and an opportunity to be heard are requisite to the

valid adjudication of a person's life, liberty or property. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Ex parte Herring, 438 S.W.2d 801 (Tex.Sup.1969); Ex parte Ratliff, 117 Tex. 325, 3 S.W.2d 406 57 A.L.R. 541 (1928). Catherine et al. had no obligation or duty to appear and produce the child in court on November 29, because on that date the writ of prohibition against the Waller court was still in effect. The writ was dissolved on December 19, and after that date the Waller court at least had the power to compel relators to appear in court in response to the writ of habeas corpus previously issued by that court. But even so, Catherine et al. were entitled to know *when* they would be required to appear in court. The writs of habeas corpus served upon them commanded them to appear on November 29; but, as stated previously, the Waller court was prohibited by the Waco Court of Civil Appeals from proceeding on that date; no hearing was then held or could have been held; and consequently Catherine et al. were under no duty to then appear. The relators were entitled to a notice of the new hearing date after the Waco Court of Civil Appeals dissolved its writ of prohibition. The Waller County court did not give relators notice of the new hearing date set for March 24, 1969. When relators did not appear on March 24, the court instructed their attorney to have them present in court on March 31, 1969. But the court gave no notice or other process to relators.

■ It is true that under some circumstances due process will be afforded a party if notice is given to his attorney. We stated in Ex parte Herring, supra, that "a party could be afforded due process even though he was not personally served with citation. For example if his attorney were served with the notice and the attorney duly informed his client of the hearing, or if the person were given ample notice by the court or an officer of the court of a show-cause hearing, there would be no 'due process' problem." In the case presently under consideration, however, there is nothing in the record to indicate that relators' attorney informed them of the new hearing date, or to indicate that they acquired adequate knowledge of it in some other manner. Indeed at the hearing on March 24, the Waller County court reset the hearing for relators for March 31. At the March 24 hearing, the court asked counsel for Catherine et al. if he would have them present at the March 31 hearing. Counsel said he did not know. The court asked counsel if he would telephone them to notify them to be present. Counsel again said he did not know what he would do about the matter. He did not say he would not do either, but he told the court that he was undecided as to what he would do. The court thereupon held counsel in contempt.[3] Thus, so far as this record shows, Catherine et al. were committed to jail for failing to appear at a hearing on March 31, without having been given notice that they were required to appear on that date. Under these circumstances, they were deprived of their liberty without due process of law.

The relators are discharged.

---

3. We granted habeas corpus to counsel and released him on bond. After oral submission, he was remanded to the sheriff because we lacked jurisdiction in the particular matter. Ex parte McDonald, 441 S.W.2d 827 (Tex.1969). The Court of Criminal Appeals then granted habeas corpus, and counsel's case is set for oral submission in that Court for October 15, 1969.