Catherine E. McEnroe PETERSON et al.,
Appellants,

v.

Kenneth M. McENROE, Appellee.

Catherine McEnroe PETERSON et al.,
Relators,

v.

Ernest COKER, Judge of 9th Judicial District Court of Waller County, Texas, et al., Respondents.

Kenneth M. McENROE, Relator,

v.

Judge Derwood JOHNSON et al.,
Respondents.

Nos. 294, 319, 328.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 29, 1969.

Rehearing Denied Dec. 3, 1969.

Ernest Coker, Jr., Coker & Coker, Conroe, for appellee.

Original Proceeding

TUNKS, Chief Justice.

In 1964, Kenneth and Catherine McEnroe were divorced by judgment of the 9th Judicial District Court of Waller County, Texas. By that judgment the maternal grandparents were given custody of the McEnroes' two minor children, a boy and a girl. Much bitter controversy between the McEnroes followed that 1964 divorce decree. The listing of some of the court proceedings growing out of that controversy will show the origin of the issues presented by the matters before this Court.

By August of 1967, Kenneth McEnroe, hereinafter called "the father" had become

a resident of the State of Arkansas. His minor daughter was living with him and her custody does not seem to be in dispute. At that date Catherine McEnroe, hereinafter called "the mother" was a resident of McLennan County, Texas. The minor son, named Michael Ray McEnroe, and hereinafter referred to as "the child" was living with her. The mother was remarried and is now named Catherine McEnroe Peterson.

On August 23, 1967, the father filed in the 9th Judicial District Court in Waller County an "Application for Readjudication of Custody", by which he asked that he be given custody of his son. The grandmother, to whom the court originally had given custody, and the mother, were named as parties to that proceeding (the grandfather apparently had died at that time). The mother and the grandmother filed pleas of privilege to be sued in McLennan County. On December 21, 1967, the father's application came on for hearing. The trial judge overruled the pleas of privilege of the mother and the grandmother. The judge did not, however, pass on the question of custody at that time. That matter was reset for August 15, 1968, with the expectation that some amicable settlement might be made by that date.

No settlement had been reached by August 15, 1968. On August 16, 1968, after hearing evidence, the trial court rendered judgment awarding custody of the child to the father. Thirty days passed without any motion for new trial having been filed or any appeal perfected so that the award of custody, to the extent that such an award can do so, became a final judgment.

The child was not brought to Waller County at the time of the custody hearing, but remained in McLennan County. Following the custody hearing and decree the mother returned to McLennan County and failed to deliver the child to his father. The father thereupon filed in Waller County District Court a motion to adjudge the mother in contempt for refusal to comply with the court's judgment and order.

On October 14, after due notice, a hearing was held on that motion to hold the mother in contempt. The mother appeared with her lawyers but did not bring the child with her. On that occasion the parties agreed, in the presence of and with the approval of the court, that the mother would deliver the child to the father at 2:00 o'clock p.m. on the following Sunday, October 20th. The delivery was, by the agreement, to take place at Waco, Texas, at the office of Mr. W. V. Dunnam, one of the mother's attorneys who had participated in the making of the agreement before the court. The judge, in reliance on such agreement, made by the mother and her attorneys, did not hold the mother in contempt.

After the mother and her attorneys had returned to Waco Mr. Dunnam called the father's attorney and arranged to change the date for the delivery of the child from Sunday, October 20th, to Saturday, October 19th, at 2:00 p.m. The father appeared at Dunnam's office in Waco at the appointed time. Dunnam brought the child into the waiting room of his office and turned him over to the father. Dunnam asked the father to leave at once so that there would be no trouble. As the father stepped through the outer door of the office he was confronted by two McLennan County deputy sheriffs. The sheriffs took the child from the father and turned it over to Mrs. H. G. Buchanan, the child's aunt, who was also present. The sheriff served the father with a citation to appear in a case filed in the McLennan County District Court, an ex parte restraining order restraining the father from taking the child out of McLennan County, and an order to appear and show cause why he should not be temporarily enjoined from so removing the child. The father's protestations to Dunnam that the October 14th agreement be complied with were in vain.

It developed that on October 18th, the day before the event at Dunnam's office, Mr. and Mrs. H. G. Buchanan, hereinafter called the "Buchanans," the child's aunt

and uncle, had filed suit in the 74th District Court of McLennan County, asking that they be given custody of the child who was the subject of this controversy. In that suit they named both the child's father and his mother as defendants. They alleged that there had been such a change of circumstances since the August 16, 1968 judgment of the Waller County District Court as to warrant their having present custody of the child. It was pursuant to their petition that the judge of the 74th District Court issued the ex parte restraining order served on the father at Dunnam's office. The petition filed by the Buchanans was signed by Mr. David Copeland, a Waco attorney, who had not been an attorney of record for any of the parties participating in the agreement before the 9th District Court in Waller County on October 14th.

On October 22, 1968, the mother filed an answer and a cross-action in the McLennan County suit. By her cross-action the mother asked that she be given temporary and permanent custody of the child and that the father be temporarily enjoined from taking the child from McLennan County. The mother's cross-petition was signed by Mr. Charles M. McDonald, another Waco attorney, who also had not been an attorney of record in the Waller County proceedings up to that time.

On October 25, 1968, the 74th District Court of McLennan County, after hearing, awarded the mother temporary custody of the child and temporarily enjoined the father from taking the child out of the county. The father had not, up to the time of the ancillary hearing, filed any pleadings in the McLennan County case, but had been served, appeared with his attorney and participated in the hearing. In such proceeding he was represented by Mr. Lynn Coker, an attorney of Conroe, Texas, who had represented him throughout this protracted controversy.

The father perfected his appeal to the Court of Civil Appeals for the 10th Supreme Judicial District of Texas, sitting at Waco, from the 74th District Court's order temporarily enjoining him from removing the child from McLennan County. On January 16, 1969, the trial court's judgment granting that temporary injunction was affirmed by the Court of Civil Appeals 438 S.W.2d 125 (Tex.Civ.App.) no writ hist. In that opinion the Court of Civil Appeals held that the 74th District Court of McLennan County had acquired jurisdiction of the custody controversy and that the judge had not abused his discretion in ordering the temporary injunction. No application for writ of error from that opinion was filed by the father. The case in the 74th District Court has not yet been tried on the merits and is still pending.

On November 25, 1968, the father filed an "Application for Writ of Habeas Corpus" in the 9th District Court of Waller County asking that the child's mother, the grandmother and the Buchanans be required to produce the child before that court "to the end that Michael Ray McEnroe might be discharged from such illegal confinement and restrained (sic) and that the custody of the said Michael Ray McEnroe be reaffirmed in Petitioner." The writ was issued ordering the appearances on November 29, 1968. On November 27th, the Waco Court of Civil Appeals issued a temporary writ prohibiting the Walker County District Court from further proceedings in the matter. For that reason no appearances were made and no proceedings had on the 29th. Later, on December 19, 1968, the application for writ of prohibition made to the Waco Court of Civil Appeals, pursuant to which the temporary writ was issued, was denied and the temporary writ was dissolved. That Court's opinion denying such application appears at Peterson v. Coker, 436 S.W.2d 232.

In answer to the application for writ of habeas corpus filed by the father on the 25th of November, 1968, the mother and the Buchanans filed replies which consisted of pleas to the effect that the McLennan County District Court had acquired exclusive jurisdiction of the controversy, pleas

of privilege to be sued in McLennan County, the county of their residence, and, subject to these pleas, answers to the merits. The pleas of privilege so filed were never controverted and no request was ever made to extend the time within which to controvert them.

Following the dissolution by the Waco Court of Civil Appeals of its temporary writ of prohibition the Waller County District Court, pursuant to the application previously filed by the father, issued another writ of habeas corpus directing the respondents to appear and produce the child before that court on March 24, 1969. On that date the respondents did not appear in person nor produce the child, but Mr. McDonald did appear as attorney not only for the mother but also for the Buchanans. He informed the court that he had told those parties that it would not be necessary for them to appear in person and also informed the court that his appearance was for the sole purpose of presenting the uncontroverted pleas of privilege and the pleas to the court's jurisdiction. In response to an oral motion of the father's attorney the court ruled that the pleas of privilege were not applicable to the proceeding at hand and announced the overruling of the pleas to the jurisdiction. The court then announced that the hearing was reset for March 31 and asked Mr. McDonald if he would notify his clients to be present at that time. When Mr. McDonald replied that he did not know whether he would so notify his clients of the postponed hearing the judge held him in contempt of court and ordered that he be jailed for three days and be fined $100. (The attorney was released pursuant to a writ of habeas corpus issued by the Supreme Court. Later, after oral submission, the attorney's application for writ of habeas corpus was dismissed because it appeared that the Supreme Court lacked jurisdiction and the attorney was remanded to the sheriff. Ex parte McDonald, 441 S.W.2d 828. The Court of Criminal Appeals then granted a writ upon which he

was again released. At this date the matter is still pending before the Court of Criminal Appeals).

On March 31, 1969, the date to which the hearing had been postponed by the Waller County District Court, neither the mother, the Buchanans nor their attorneys appeared. The court thereupon caused writs of attachment to be issued directing that the mother and the Buchanans be arrested and brought immediately before that court. Pursuant to these writs the mother and the Buchanans were taken into custody by the McLennan County sheriff. On application for writ of habeas corpus the Supreme Court ordered them released on bond. Later the Supreme Court ordered them discharged because it did not appear that they had been given notice to appear at the March 31, 1969 hearing in Waller County. Ex parte Peterson et al., Tex., 444 S.W.2d 286.

On June 3, 1969, the judge of the Waller County District Court signed an "order" purporting to dispose of the matter presented to the court in the March 24th and March 31st hearings. The mother and the Buchanans have appealed to this Court from that order. That order does not purport to be an adjudication of the issue of custody based upon the welfare of the child under the then existing conditions. Rather, the court's order recites that its August 16, 1968 judgment had become final and that it had not been complied with and ordered the issuance of the writs of attachment to effect the enforcement of that judgment. Thus, this Court does not have before it any appealable judgment awarding custody of the child. However, the June 3, 1969 "order" does recite the overruling of the pleas of privilege that were filed. To that extent it is appealable to this Court. Article 2008, Vernon's Ann.Tex.St.

As noted above, the parties were arrested pursuant to the writs of attachment ordered by the Waller County District Court in its June 3, 1969 order and were ordered

discharged by the Supreme Court because they were not known to have been given proper notice of that hearing. Thereafter, on September 11, 1969, the Waller County District Court issued and caused to be duly served an order directing the mother and the Buchanans to produce the child before that court at 10:00 o'clock a. m. on September 26, 1969, and show cause why he was held "in restraint of his liberty." That order recited "This hearing is in connection with the Writ of Habeas Corpus heretofore filed and served upon you. This hearing is in compliance with the dictates of the Supreme Court of Texas as set out in Ex-Parte, Catherine E. McEnroe Peterson, et al." On September 23, 1969, on petition of the mother and the Buchanans, we issued a temporary writ of prohibition temporarily prohibiting the Honorable Ernest Coker, judge of the 9th Judicial District Court of Waller County, the father and his attorneys from proceeding with the litigation pending in the Waller County District Court. The interested parties were notified that a hearing was set for October 8, 1969 at 1:30 p. m. upon the question as to whether the writ should be modified or vacated.

On September 22nd, the judge of the 74th District Court of McLennan County, on petition of the Buchanans, issued an ex parte restraining order restraining the mother from taking the child "out of her possession and control and out of Mc-Lennan County. * * *" A hearing was set for September 30th at 10:00 o'clock a. m. to show cause why a temporary injunction to the same effect should not be granted. Thus, the mother was under order by the 9th District Court to produce the child in Waller County on September 26th and under order of the 74th District Court not to take him out of Mc-Lennan County. The 9th District Court proposed to hear in Waller County on September 26, 1969 the question as to why the father should not then and there be given physical possession of the child and the father was, at the same time, under order of the 74th District Court not to take the child out of McLennan County.

On September 29, 1969, on petition for writ of prohibition filed in this Court on behalf of the father, this Court issued a temporary writ prohibiting the Honorable Derwood Johnson, Judge of the 74th Judicial District Court of McLennan County, and various parties and attorneys, from proceeding further with the McLennan County litigation. Again we set a hearing for October 8th at 1:30 p. m. to determine whether that writ should be modified or vacated.

The above recitation of facts does not include all of the proceedings that have been had relative to this controversy. Other suits and motions have been filed and heard in the district courts of the two counties. The above recitation is, however, believed to be sufficient to show a justification for our prohibiting further proceedings in the district courts until the relevant facts could be put in perspective and a determination made as to the extent, if any, to which each of the two district courts properly may proceed further in the disposition of this controversy.

We note, too, that there is nothing in the record before us showing facts from which a finding could be made as to which of the two parents, or the aunt and uncle, should, consistent with the welfare of the child, be given his custody. The record before us does, however, loudly proclaim of the fact that it is not to the best interest of the child as the unfortunate pawn of this controversy that the litigation continue along the line that has been followed, and, but for the intervention of some Appellate Court, would be followed in the future.

The previously perfected appeal from the order of the 9th District Court overruling the pleas of privilege filed therein had been set for submission on November 5, 1969. The attorneys for both sides agreed that that submission date might be advanced to October 8th so that all matter relating to the appeal and the two applica-

tions for writ of prohibition might be heard at one time. Consistent with that procedure this opinion will adjudicate all of those matters.

The answer to the questions presented to this Court requires the application of two rather unusual rules of law applicable to child custody proceedings. One of those rules concerns the character of the judgment awarding custody of a child. The other relates to the issues involved and the hearing upon an application for writ of habeas corpus where the one alleged to be illegally restrained of his liberty is a child.

The judgment with which we are here concerned is that of the Waller County District Court dated August 16, 1968. It is a "final" judgment in the sense that an appeal from it could have been taken and in the sense that, because of the lapse of time, no appeal from it can now be taken. Such, also, was the status of that judgment when the new custody suit was filed in McLennan County on October 18, 1968. In explanation of the character of such judgment the Texas Supreme Court in Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, at p. 168, 116 A.L.R. 1293, said, "The original custody judgment may be absolute and final in form. In reality, it is temporary and conditional. Whether expressed or not, the law writes into each of such judgments, in substance, that its finality ends when and if conditions affecting the welfare of the child have materially changed."

The suit filed by the Buchanans in the McLennan County District Court on October 18, 1968 was by petition wherein it was alleged that there had been, subsequent to August 16, 1968, such a material change in the conditions affecting the welfare of the child as to warrant a new hearing as to his custody. Such suit was not an attempt to try again the issues tried by the Waller County District Court when it entered its earlier judgment. It was a new and independent cause of action. Ex Parte Eaton 151 Tex. 581, 252 S.W.2d 557; Goldsmith

v. Salkey, supra; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. It sought an order fixing the custody of the child which would, under the alleged changed conditions, best serve the child's welfare. We must presume that when the judge of the 74th District Court of McLennan County, on October 25, 1968, conducted the temporary custody hearing, he found that there was evidence of the alleged changed conditions and that, under the circumstances existing at that date, the welfare of the child would best be served by giving the mother custody of him during the pendency of the suit filed in that court. We must further presume that when the case in the 74th District Court is heard on its merits the judge of that court will make a final determination upon the issue of material change of conditions and, if such change is found to have occurred, will place the custody of their child so that his welfare, under the then existing conditions, will best be served.

The parties, their attorneys and the two district courts are in disagreement as to the character of the proceeding contemplated by the proposed hearing on the application for writ of habeas corpus filed by the father in the 9th District Court. Counsel for the father takes the position that it simply is a proceeding by which the 9th District Court is seeking to enforce its August 16, 1968 judgment. The order which that court rendered on March 31, 1968 (which order was reduced to writing and signed on June 3, 1969) was not based on evidence as to changed conditions or the welfare of the child. It simply directed issuance of writs of attachment to the mother and the Buchanans. The Supreme Court in Ex Parte Peterson, supra, 444 S.W.2d at p. 286, said: "The writ was issued by the Waller County court in an attempt to enforce that court's judgment awarding custody of Michael Ray McEnroe to his father, Dr. Kenneth McEnroe."

Undoubtedly the procedure was a means by which the former judgment could

have been enforced, but the availability of that procedure for such purpose was subject to the right of those opposing the enforcement to show that there had been such a material change of conditions as to require that the welfare of the child be determined in a new and independent action. The 9th District Court had jurisdiction to make the determination of the custody issues which it did make on August 16, 1968. That jurisdiction included the jurisdiction to enforce its judgment. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641. But because of the nature of that judgment, as shown by the authorities above cited, it ceased to be enforceable upon the occurrence of such a change in conditions as to require another determination of the child's welfare. By the petition which they filed in the McLennan County district court on October 18th the Buchanans invoked the jurisdiction of that court to determine whether there had been such a change of condition. Since the suit filed in the McLennan County District Court was a new and independent action, that court, during the pendency of that suit, has jurisdiction, to the exclusion of the jurisdiction of the Waller County District Court, to determine the issue of changed conditions. Ex Parte Godeke, 163 Tex. 387, 355 S.W.2d 701; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Cook v. Gregg, Tex.Civ.App., 226 S.W.2d 146, err. ref. Since the continued enforceability of the judgment of the Waller County District Court depended on whether there had been materially changed conditions affecting the welfare of the child, if such issue was raised, and since the exclusive jurisdiction to determine that issue was lodged in the McLennan County District Court, the Waller County District Court is without the power to enforce its judgment so long as the case is pending in McLennan County. If the McLennan County District Court ultimately fails to find the required changed conditions, then the Waller County judgment will again become enforceable.

There can be no doubt that the proceeding instituted by the father, though his pleading generally took the form of an application for writ of habeas corpus, is, in fact, a civil suit to adjudicate the custody of the child. It is a civil suit to which Art. 1995, the Venue Statute, is applicable. That statute provides that, subject to certain statutory exceptions, the defendant in a civil suit is entitled to be sued in the county of his residence. A suit to determine the custody of a child does not come within any statutory exception to the venue statute. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79; Fletcher v. Fletcher, Tex. Civ.App., 404 S.W.2d 866, no writ hist. The Waller County District Court erred in ruling that the pleas of privilege filed by the mother and the Buchanans were not applicable to the proceeding at hand. Since those pleas were not controverted, the trial court had no authority to do anything in that proceeding except to order the transfer of the case to McLennan County. Bogle v. Landa (Tex.Comm.App., opinion adopted), 127 Tex. 317, 94 S.W.2d 154.

Under this record we must reverse the June 3, 1968 judgment of the 9th Judicial District Court of Waller County overruling the pleas of privilege of Catherine McEnroe Peterson and the Buchanans and remand with instructions to that court to transfer to the District Court of McLennan County the case which arose from the application for writ of habeas corpus filed by Kenneth McEnroe in the Waller County District Court on November 25, 1968. However, we are sure that the Honorable Ernest Coker, Judge of the 9th Judicial District Court, will, subject to review by the Supreme Court if such review be sought, comply with the ruling of this Court so that no writ of prohibition to the effect of such compliance is necessary. The writ of prohibition is not a writ of right but rests with the discretion of the court. City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663. The

temporary writ of prohibition heretofore issued pursuant to the application of Catherine McEnroe Peterson and the Buchanans is, therefore, dissolved and the application for permanent writ is denied.

Since the McLennan County District Court, during the pendency of the suit in that court which originated in the custody suit filed by the Buchanans, has exclusive jurisdiction of the subject matter of that suit, the temporary writ of prohibition heretofore issued against the Honorable Derwood Johnson, Judge of the 74th Judicial District Court of McLennan County, pursuant to the application of Kenneth McEnroe, is dissolved and the permanent writ sought by that application is denied.