Roy D. KNIPE, Appellant,

v.

Evelyn RECTOR et al., Appellees.

No. 17176.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 19, 1971.

Kelly, Walker & Liles, and Jearl Walker, Fort Worth, for appellant.

Jack W. Gray and John L. Sullivan, Denton, for appellees.

## OPINION

BREWSTER, Justice.

This is an appeal from an order overruling the defendant's plea of privilege. The action was one for damages for wrongful death brought by deceased's wife, the executrix of his estate, and by his parents, as plaintiffs, against Roy D. Knipe, the driver of the car that struck and killed deceased while he was jogging along the highway at night.

Appellant's first point is that the trial court erred in overruling his plea of privilege because the affidavit to plaintiffs' controverting affidavit or plea did not unequivocally verify the statements contained in such plea as being true and correct.

His second point is that this same ruling was error because the affidavit to the controverting plea lacked the essential verification that the statements and verifications contained therein were unequivocally true and correct.

His third point is that such ruling was error because the affidavit to the controverting plea did not show that the affiant intended to unreservedly swear that the allegations contained in plaintiffs' petition were true and correct.

Appellant argues his first three points together. We overrule all three points.

By each of such points appellant attempts to attack the plaintiffs' venue pleading on the ground that it is defective.

While plaintiffs' first witness was on the stand and after he had identified himself the following oral proceedings occurred at the hearing of the plea of privilege:

"Mr. Walker: Your Honor, just so that I will not waive any point of law, I want to object to the controverting affidavit filed in behalf of the plaintiffs in this case, because it does not contain the necessary requisites to contest the Defendant's Plea of Privilege, and I'd like to do that before any substance of the evidence is put on without any waiver on the part of the defendants. I particularly point out that the Plaintiff's petition is not attached to the controverting affidavit and that the

affidavit was not made in such a form as to show that the verification was made by a person with knowledge of the contents set forth therein.

"Mr. Gray: Your Honor, at this time we would like to amend the controverting affidavit by attaching a copy of the petition thereto.

"The Court: Okay. Granted.

"Mr. Walker: Then for the record the Defendant's objection to the balance of the controverting affidavit is overruled, is that right?

"Mr. Gray: I'd like to inquire if Counsel means the jurat?

"The Court: I assume that's what he means.

"Mr. Walker: The Defendant refers to the jurat."

This quoted oral objection reflects the only step taken by appellant to preserve the matters complained of in his first three points, other than having the trial judge sign a written order overruling such objections.

Rule 90, Texas Rules of Civil Procedure, provides: " * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge * * * in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; * * *."

In this case appellant did not have any written motion or written special exceptions pointing out such claimed defects in the venue pleading to the trial judge.

The following is from 59 Tex.Jur.2d, § 189, p. 678: "A defect in a controverting plea should be pointed out by special exception, in the manner prescribed by rule 90 of the Rules of Civil Procedure, and a failure to file exceptions or objections in the manner prescribed by this rule constitutes a waiver of defects in the controverting plea. And in the absence of special exceptions to the petition or the controverting affidavit, each will be liberally construed in the pleader's favor."

We hold that because appellant did not point out to the trial court any of the matters complained of in his first three points by motion or exception in writing as provided for in Rule 90, T.R.C.P., that he waived all three points.

It will be noted that the oral objection made by appellant to plaintiffs' pleading contains one general or shotgun objection which covers the field, but wholly fails to give the trial judge any idea as to what appellant is claiming is really wrong with the controverting plea. This general objection is contained in the first sentence of the above quoted objection made by appellant's counsel.

■ An objection of that type made to a pleading is too general and was properly overruled by the trial judge.

Rule 91, T.R.C.P., provides: "A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to."

Further examination of the oral objection made by appellant's counsel to the controverting affidavit reveals that he did point out orally only two claimed defects in the controverting plea, to-wit: (1) that the plaintiffs' petition was not attached to it, and (2) the affidavit was not made in such a form as to show that the verification was made by a person with knowledge of the contents set forth therein.

When the objection was raised as to failure to attach the petition, the trial court permitted an amendment of the controverting plea by attaching a copy of the petition to it. That complaint was not

brought forward on the appeal and is therefore not involved here.

The other particular oral objection that appellant's counsel made has also not been brought forward on this appeal and is therefore not here involved.

■ When the objections to plaintiffs' venue pleading that are now urged in appellant's first three points are compared with the oral objections that appellant's counsel made to such pleading in the trial court, it is obvious that they are not the same. In other words the objections which appellant now urges in these three points to the controverting plea of the plaintiffs are being urged in this appellate court for the first time. These particular objections that appellant now urges were not presented to the trial court.

The law in Texas on this point is that a defect in a controverting affidavit to a plea of privilege that is not objected to in the trial court cannot be complained of for the first time on appeal. Where the complaining party objects to such claimed defect for the first time on appeal, he has waived such objection. Massey v. Jones, 259 S.W.2d 646 (Waco, Tex.Civ. App., 1953, no writ hist.); Brooks Supply Co. v. First Nat. Bank in Glen Rose, 242 S.W.2d 956 (Waco, Tex.Civ.App., 1951, no writ hist.); and Hamilton v. Jenkins, 235 S.W.2d 195 (San Antonio, Tex.Civ.App., 1950, mand. overr.).

In addition to what we have said, a complaint or objection raised on appeal that is different from the complaint or objection made by appellant as to the same thing in the trial court will not be considered by the appellate court on appeal. City of Wichita Falls v. Jones, 456 S.W.2d 148 (Fort Worth, Tex.Civ.App., 1970, no writ hist.).

These are additional reasons why we overrule appellant's first three points.

One of the complaints that appellant now urges in his first three points is that part of the jurat to the controverting plea that reads as follows: "* * * that each and every statement of fact in the foregoing controverting plea is, within his knowledge, true and correct," was rendered defective by including therein the phrase "within his knowledge."

■ His contention is that when this phrase was included in the jurat that it reduced the oath that affiant made to an oath that the facts therein stated are true "in so far as he knows."

Appellant's contention is without merit and is overruled. The following cases have held that an oath to the effect that the facts stated in the instrument sworn to were true and correct "within affiant's knowledge" was an effective verification and was not fatally defective in form: Rice v. Tucson Credit Union, 413 S.W.2d 833 (Texarkana, Tex.Civ.App., 1967, no writ hist.); and Coker v. Audas, Inc., 385 S.W.2d 862 (Texarkana, Tex.Civ.App., 1964, no writ hist.). The reasons for such holdings are set out in those opinions and we will not lengthen this opinion by repeating them.

■ By his fourth and last point appellant contends that the trial court erred in overruling his plea of privilege because the overwhelming weight and preponderance of the evidence established that the collision between the deceased and appellant's car occurred in Parker County instead of in Wise County. We overrule this point.

This suit was filed in Wise County. Defendant lived in Parker County. He sought to have the case transferred to his home county. Plaintiffs' controverting plea alleged that they had a right to maintain venue of the case in Wise County under Subd. 9a, Art. 1995, Vernon's Ann.Tex. Civ.St.

The plaintiffs were required to establish by a preponderance of the evidence at the venue hearing in order to hold venue of this case in Wise County under that sub-

division the following essential venue facts: (1) that an act or omission of negligence had been committed by defendant in the County of suit and (2) that such negligence was a proximate cause of the death of Ray Dean Rector. 60 Tex.Jur.2d, Sec. 217, pages 98 and 99.

The venue hearing was without a jury and the court filed no findings of fact or conclusions of law.

The defendant testified to the following facts at the hearing: he admitted having drunk some beer and some scotch whiskey during the three hours just before the wreck; when he left a friend's house shortly before the collision, he took with him his scotch whiskey bottle still containing 2 or 3 inches of liquor; he did not remember if his lights were on bright as he was driving south on the highway going toward his home; on the occasion of the collision there was nothing to obstruct his vision other than it was nighttime; he entered Highway 51 in Wise County and was going south toward Parker County; on this occasion his car struck an object; he was driving the car; he knew where the boundary there was between Parker and Wise Counties; he does not know which county this collision occurred in; just before the collision he was driving at 60 to 65 miles per hour; although there was nothing to obstruct his vision he did not see Rector before his car struck and killed him; he later found out that night that the object his car had struck was Rector.

A highway patrolman who investigated the collision testified as follows: he arrived at the scene 30 minutes after the collision; he knew where the boundary line between Wise and Parker Counties was in that area; he has seen the county line marker on the road; he had investigated many accidents as a patrolman; that night he found a large splotch of fresh blood at the scene; it was on the east edge of Highway 51 which would be on the left hand side of the road as one drove south; the blood splotch was in Wise County; a trail of this fresh blood led from the blood splotch in Wise County down the highway to within about 7 feet of the spot where Rector's body was found after the wreck; the spot were Rector's body ended up after the wreck was in Parker County; appellant's car stopped after the collision in Parker County at a point about 1300 feet on south from the blood splotch; defendant's car had broken glass, blood and clothing on it; he had no reports of other accidents having occurred in this area that night.

Plaintiffs had alleged that, among other things, appellant was negligent upon the occasion in question in failing to keep a proper lookout and also in driving his car at an excessive rate of speed and that such negligent acts or omissions each proximately caused the collision with and death of Rector.

We must presume that all fact issues raised by the pleadings and evidence were found by the trial judge in favor of his judgment.

In passing on appellant's fourth point we have reviewed and considered the entire statement of facts. Our conclusion is and we hold that none of the trial court's implied findings of any of the essential venue facts in favor of the plaintiffs are against the overwhelming weight and preponderance of the evidence.

We particularly hold that there was sufficient evidence to support the trial judge's implied findings that defendant committed an act or omission of negligence in Wise County, Texas, that proximately caused the collision with and death of Mr. Rector.

We affirm the trial court's judgment.