**Ex parte Andrew LACKEY.**

No. 18657.

Court of Civil Appeals of Texas, Dallas.

April 24, 1975.

Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Donald J. Robinson, Dallas, for appellee.

AKIN, Justice.

■ This is an original habeas corpus proceeding brought under Tex.Rev.Civ. Stat.Ann. art. 1824a (Vernon's Supp.1974). The question presented by this writ is whether notice of a contempt hearing to relator's attorney of record is sufficient here to comply with "due process." We hold that it is not.

After a hearing on April 1, 1975, Andrew Lackey (hereinafter referred to as relator) was adjudged in contempt of court by a domestic relations court of Dallas County for failing to pay an arrearage of child support. This contempt order was suspended upon condition that relator comply by April 2 at 1 o'clock p. m.

On April 4, 1975, the court entered an order requiring relator to show cause why such arrearage was not paid on April 2, 1975, at 1 o'clock p. m. and set the hearing for April 7, 1975. No notice was issued to relator. Relator's attorney, however, received a copy of the show cause order of April 4, 1975, but did not notify relator. On April 7, 1975, based upon an affidavit of petitioner (wife), the court orally ordered that relator be attached and confined to jail. Relator was accordingly arrested and confined. We granted bail pending final hearing.

We grant relator's relief because relator received *no notice* of the hearing of April 7, 1975, as required by due process.

■ Due process of law under Tex. Const. Vernon's Ann.St., art. I, § 19 and U. S. Const. amend. XIV, § 1, requires at a minimum notice and hearing before a person is imprisoned for contempt. *E. g.,* Ex parte Peterson, 444 S.W.2d 286, 288 (Tex.1969); Ex parte Hart, 520 S.W.2d 952 (Tex.Civ.App., Dallas 1975). The trial court here entered an order on April 4, 1975, requiring relator to show cause why he could not comply with the court's conditional order of April 1, 1975, by paying the arrearage of child support. No actual notice, however, of this hearing was given relator. The only notice given was a copy of the court's order to show cause mailed to relator's attorney. Relator's attorney received the show cause order on the morning of April 7, 1975, approximately two hours prior to the hearing and did not

give notice to relator. We hold under these circumstances that notice to the attorney was insufficient to comply with due process. Ex parte Peterson, *supra.*

It is accordingly ordered that relator's writ of habeas corpus be granted and relator ordered discharged.