**Ex parte Byron Eugene MILLER.**

**No. 20530.**

Court of Civil Appeals of Texas, Dallas.

July 8, 1980.

Herbert H. Landau, Dallas, for appellant.

Scott A. Shearer, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

This application for a writ of habeas corpus presents four challenges to the validity of relator's confinement. We find each challenge to be without merit and consequently, deny the writ of habeas corpus and remand relator to the custody of the sheriff.

Both sides agree that relator was properly served with notice of a show cause order to appear at a hearing on July 12, 1979. The record does not indicate that any action was taken by the court on that date nor does it indicate that relator appeared. The record reflects that a hearing was held on this matter on July 26, 1979, that relator did not appear at that hearing, and that the court declared a mistrial. The next entry on the trial court's docket indicates that a hearing again was held on this matter on July 30, 1979. Relator was represented by counsel but did not personally appear, and after a hearing, the trial court found relator in contempt. On October 16, 1979, the judge signed the judgment of contempt and commitment order. Attachment issued on April 28, 1980, and relator was taken into custody May 5, 1980.

■ Relator's first contention is that, while he received proper notice of a hearing on July 12, 1979, he was denied due process because he received no notice of the July 30, 1979, hearing in which he was found to be in contempt of court. Due process of law requires, at a minimum, notice and hearing before a person is imprisoned for contempt. *Ex parte Peterson*, 444 S.W.2d 286, 288–89 (Tex.1969). In *Peterson* the relators were given proper notice of a hearing on November 29. Because of an alleged lack of jurisdiction of the district court, the court of civil appeals issued a writ of prohibition prohibiting the district court from proceeding with that hearing. Sometime after November 29 the writ was dissolved and a new

hearing was set for March 24 of the following year. Relators did not receive notice of this hearing, but their attorney received notice and was present at the hearing. The court ruled on some preliminary motions at that time and then set a new hearing for March 31, ordering relators' attorney to have his clients in attendance. No notice was given relators nor was process issued by the court. When relators failed to appear on March 31, the district court issued writs of attachment and relators were arrested. In discharging relators the supreme court held that since relators had no obligation or duty to appear for the November 29 hearing, the holding of that hearing being prohibited, due process required that relators be given notice of the new hearing date. *Id.* at 289.

■ The fact situation with which we are confronted is distinguishable from that in *Peterson*. Here relator was given proper notice of a hearing which we must presume would have been held had he appeared. By not appearing when ordered to appear, relator waived any right to complain of the trial court's action in rescheduling the hearing for another date, going forward with the hearing at that time, and adjudging relator to be in contempt. We do not believe that when a respondent fails to appear at a hearing of which he was duly notified, the trial court must choose either to proceed in his absence or to require new service of notice of the rescheduled hearing date. If a party who has been given proper notice voluntarily chooses not to respond, he is charged with notice of any date to which the hearing may be postponed. *See Ex parte Loftin*, 522 S.W.2d 591, 593 (Tex.Civ. App.–Tyler 1975, no writ) (once original notice properly served, party deemed to have constructive notice of judgment rendered thereafter); *cf. Ex parte Herring*, 438 S.W.2d 801, 803 (Tex.1969) (violation of due process occurs when *no* personal notice or knowledge of hearing at which contempt adjudged).

■ Relator next contends that the commitment order is void because in order to

purge himself he must pay attorney's fees. Relator argues that only when attorney's fees awarded in child support collection suits are assessed as *costs* may a party be held in contempt for failure to pay them. In the present case the commitment order required confinement until relator had paid "$1,050.00 in back child support plus $675.00" in attorney's fees and "all costs of Court . . . ." When the supreme court held that payment of attorney's fees awarded in child support collection suits may be enforced by contempt proceedings, it stated that a trial court

> might allow the complainant a recovery of an attorney's fee which should be charged and collected as costs. The attorney's fee is but a part of the procedural remedy for enforcing substantive rights and the fee allowed as well as other costs in the proceeding is incidental to and a part of the payments necessary for the support of the minors.

*Ex parte Helms,* 152 Tex. 480, 487, 259 S.W.2d 184, 189 (1953). We do not believe the supreme court intended to restrict collection of attorney's fees to those situations in which the trial court specifically labels attorney's fees as costs. Rather, it is sufficient that attorney's fees are charged and collected in the same manner as costs. Further, we specifically disagree with the holding in *Ex parte Provost,* 598 S.W.2d 310 (Tex.Civ.App.–Beaumont 1979, no writ), that an award of attorney's fees and the assessment of costs in a contempt proceeding for failure to pay child support is unenforceable by imprisonment after a finding of contempt. *Id.* at 311. The cases cited in support of that holding are inapposite. Relator's second contention is overruled.

■ Relator's third contention is that the affidavit of respondent in her motion for contempt is improper and therefore, the judgment of contempt and commitment order, both based thereon, are void. Respondent's affidavit reads as follows: "I am the Movant in the foregoing Motion for Contempt. I have personal knowledge of the facts and allegations stated in it and they are true and correct *to the best of my knowledge.*" [emphasis added] An affidavit swearing that the foregoing facts are true *of one's knowledge* is sufficient, *Knipe v. Rector,* 463 S.W.2d 769, 772 (Tex.Civ. App.–Fort Worth 1971, no writ); and an affidavit sworn to on *best knowledge and belief* is insufficient, *Schultz v. City of Houston,* 551 S.W.2d 494, 496 (Tex.Civ. App.–Houston [14th Dist.] 1977, no writ). The vice in the latter instance, however, is the reliance, at least in part, on one's belief. An affidavit sworn to on best knowledge alone is sufficient. *Industrial State Bank v. Wylie,* 493 S.W.2d 293, 295 (Tex.Civ.App.– Beaumont 1973, no writ). Additionally, in the present case respondent swore that she had personal knowledge of the matters stated in the motion. This affidavit was sufficient.

■ Finally, relator contends that he was deprived of due process because of the lapse of time between rendition of the judgment of contempt on July 30, 1979, and issuance of the attachment on April 28, 1980. In support of this contention relator cites *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980). The due process holding in that case, however, was that a commitment order may not issue and relator may not be restrained without a written judgment or order of contempt. In dicta the court went on to state that a relator may be detained "for a short and reasonable time while the judgment of contempt and order of commitment are prepared for the judge's signature." The court then concluded that eighty days was not a short and reasonable time. We conclude that *Barnett* is inapplicable under the facts we have before us because the written judgment of contempt and the commitment order were included in the same document, which was signed before the attachment was issued. Relator advances no other arguments which would indicate that this delay amounted to a deprivation of due process.

Accordingly, we deny the writ of habeas corpus and remand relator to the custody of the sheriff.