Pauline FARRIS, Appellant,

v.

Billy FARRIS, Appellee.

No. 7629.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1966.

Frank Gaston and Lee Nowlin, Plainview, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Bill LaFont, Plainview, of counsel, for appellee.

CHAPMAN, Justice.

In a divorce case involving the settlement of property rights and child custody tried to the court on January 10, 1964, appellant, Pauline Ferris, as cross plaintiff, was granted a divorce and custody of the four minor children, ending a second marriage between the parties. The property settlement theretofore agreed to by the parties was approved by the court.

The transcript herein shows that an emergency having arisen thereafter regarding the ability of appellant to care for, support and control said children, reported to the court by the Hale County Child Welfare Department, the court on April 6, 1964, entered an order holding it was for the best interest of said children that the temporary custody be awarded to said child welfare board with visitation privileges of both parents controlled by said board. On September 4, 1964, another order was entered by the court awarding temporary custody to the mother.

On the tenth day of September, 1964, thereafter the judge of the court who had tried the case and entered the orders filed a lunacy application alleging appellant to be a person of unsound mind. Though such proceedings are not shown in the record, it is stated by brief in appellant's Statements of the Nature and Results of the Case, without challenge by appellee, that on the same day, September 10, 1964, appellant was taken into custody and on the next day, September 11, committed to the Wichita Falls State Hospital. Approximately two months thereafter she was released.

On the same day that appellant was taken into custody upon the lunacy application, appellee filed an application for temporary custody and a temporary restraining order restraining interference by appellant with appellee's temporary custody and restraining her from injuring or molesting the children. Temporary custody of the children was awarded to appellee on that same day and a temporary restraining order was entered as requested. On September 19, the date set for a hearing of such temporary restraining order, Mrs. Farris being then confined to the Wichita Falls State Hospital, temporary custody in the father was extended.

More than six months after appellant was discharged from the state hospital she

filed application to have the various temporary orders above described set aside. The court set aside such temporary orders theretofore entered and granted appellee temporary custody of the children pending a hearing upon his petition filed on June 18, 1965, for a change of custody. That petition does show in the record. A hearing was had again before the court on October 29, 1965, upon the petition for change of custody, and appellee was awarded custody of the four children. The principal question to be decided is whether there was any probative evidence of a material change of conditions since the original decree of June 10, 1964, such as to make it in the best interest of the children to change custody from the mother to the father.

Appellant's first two points go to the sufficiency of the probative evidence to support the trial court's finding of changed conditions of a material nature after appellant was awarded custody of the minor children in the original divorce judgment or after she was judicially declared mentally ill, committed to the state hospital, treated and discharged.

■ On the first point no authority whatever is cited and the point is in no respect briefed. We may therefore assume such point is waived. McClanahan v. Cook, Tex.Civ.App., 401 S.W.2d 352 and authorities there cited. However, the second point raises essentially the same question.

■ The two points as presented and argued are both "no evidence" points and present questions of law rather than of fact. Childre v. Casstevens, 148 Tex. 297, 224 S.W.2d 461. In passing upon whether there is sufficient (or any) probative evidence to support the trial court's judgment we must look to the inferences most favorable to appellee which his evidence will reasonably bear. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Truelove v. Truelove, Tex.Civ.App., 266 S.W.2d 491 (writ ref.).

Where there is controversy for custody of minor children between parents the primary and dominant consideration is the best interest of the children. Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557.

The custody award to appellant being res judicata of the best interest of the children at that time, Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, we must determine from the evidence if a change of conditions has been shown and if such conditions warrant a change of custody. That determination is to be made by a consideration of what is for the best interest of the children. Ex parte Eaton, supra.

It is true that the evidence shows the mother was an emotionally disturbed person before the award of custody of the children to her, but afterwards she grew progressively worse until the judge of the court who had awarded her custody filed a lunacy complaint against her, as heretofore stated. It is true also that she had shown some temper tantrums before custody of the children was awarded to her, but the father had apparently not seriously contested custody, if at all, when custody was granted to the mother, and had agreed upon a property settlement in the original decree. There is not anything in this record showing the testimony in that hearing.

Appellant contends that a commitment to a state hospital following custody cannot be considered in making a determination as to whether there has been such a material change of conditions as to justify a change of custody. Though we do not agree, we specifically avoid passing on that question because it is unnecessary in this case. There is an abundance of probative evidence other than the state hospital commitment which we believe shows a preponderance of evidence making it impera-tive that the award of change of custody of the children be affirmed.

The testimony shows appellant drank intoxicants and was given to abuse of her children and her husband before the first divorce and custody award but her conduct was much more extreme after she was released from the state hospital. She was arrested for drunkenness in a public place in 1965. Her language and conduct in the presence of the officers and her statements concerning her sexual promiscuity were so vulgar, debase and obscene we would not even think of dictating it to a secretary or permitting it to become a part of an opinion to go into the jurisprudence of the state.

Two of her daughters, one twelve years old and one younger, testified in the case and told of men frequenting their home, drinking beer with their mother in the presence of the children, leaving beer in their refrigerator, and of at least one occasion when a man spent the night with her. The child, Becky, saw him in bed the next morning in her mother's bedroom under the covers. She also related incidents of her mother staying out all night and leaving the children alone.

All these incidents and others unnecessary to relate show such a change of conditions that we feel the trial court had no choice except to change the custody to the father, whose mother is helping to rear the children in an atmosphere the record indicates to be clean and wholesome. Both daughters who testified stated they wanted to live with their father and the evidence shows their school marks are much improved and their home much more stable than when they were in the custody of their mother.

The judgment of the trial court is affirmed.