Ava Nell DAVIS aka Eva Nell Davis,
Appellant,

v.

James D. DAVIS, Jr., Appellee.

No. 864.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1973.

Arthur M. Glover, Jr., Les Cochran, Hicks, Hirsch, Glover & Cochran, Houston, for appellant.

Aubrey H. Poole, Houston, for appellee.

CURTISS BROWN, Justice.

This is a child custody case.

The father (appellee) brought a motion for change of custody based on a material change of circumstances. The trial court entered judgment on a jury verdict awarding custody to the father. The appellant (mother) has duly perfected this appeal.

No appearance of counsel has been made for appellee in this Court and therefore no brief has been filed on his behalf. We would be authorized by Rule 419 Tex.R.Civ.P. to accept the statements made by appellant in her brief as correct. This being a child custody case in which the best interest of the child is paramount we do not think it appropriate that we should do so. Our review of the entire record, however, convinces us that appellant's statements concerning the case are generally correct.

The parties were divorced on August 31, 1964, and the custody of their two-year-old daughter, Jamie Sue, was awarded to appellant. Despite the fact that appellant had technical custody of the child she left it with the paternal grandparents much of the time. It was apparently necessary for appellant to work, and these grandparents kept the child during her working hours and on other occasions.

In November of 1964 appellant contracted what seems to have been an unhappy marriage to one Shuffler and separated from him in July of 1966. Jamie Sue's grandparents continued to care for her during this marriage as they had before. In 1967 appellant left Houston to go to Oklahoma to visit her parents. The termination of her marriage left her in a depressed state. She suffered from extreme emotional upset and felt it would be best for the child to continue to stay with her grandparents. Upon appellant's return from Oklahoma she resumed her former practice of picking up the child at night when it suited her convenience and of keeping the child on weekends.

About June of 1967 appellant married again. That marriage lasted only eighteen days. In October of that year she voluntarily left her child to go to Pennsylvania. She left the baby with the grandparents because they had a stable environment and she thought that it would be in Jamie Sue's best interest to continue staying with them.

Beginning not later than November of 1967 the child has resided continuously with her grandparents. There is some conflict in the evidence as to this exact date since the grandparents testified she had lived with them since 1964 or 1965. For all practical purposes this child has resided with her grandparents since she has been two years old. She is now about eleven years of age.

It should be made clear that after appellant returned from Pennsylvania (where she stayed for some twelve to eighteen months) she continued to see her daughter frequently. She picked her up on weekends and has continuously demonstrated devotion to her child.

At the time of the hearing of this matter appellant had married the third time following her divorce from appellee. She characterized her present husband as a good man who cares about her and her children. She had been married for several months at the time of the hearing and stated that her marriage was a good one and that the home was happy. The physical facilities of appellant's present circumstances are entirely adequate. She lives in a home that has three bedrooms, a den, kitchen, utility room, and living room situated on two acres off Griggs Road near the Houston city limits. Except for her previous unfortunate experiences there is no reason in the record to doubt appellant's present circumstances to be as she states them.

The trial judge submitted only one special issue to the jury, phrased and answered as follows:

"Special Issue No. 1

Do you find from a preponderance of the evidence that since the former judgment of August 31, 1964, granting custody of the minor child, Jamie Sue Davis, to Ava Nell Davis, there has occurred such a material detrimental change of conditions on the part of the custodial parent, Ava Nell Davis, that the best interest of said minor child requires a change of custody to James D. Davis, Jr.?

In connection with the foregoing special issue you are instructed that not every detrimental change of conditions justifies the modification of a former decree of divorce awarding the custody of the minor child. Such change conditions must be of such a nature and of such a magnitude that to leave the custody of the child as previously adjudicated would be injurious to the welfare of the child and require that such custody be changed.

Answer 'Yes' or 'No'.

Answer ___Yes___ ."

Appellant urges eight points of error. Points one through seven deal with the existence and sufficiency of the evidence regarding material change of conditions. In order to secure a change of cus-

tody as between parties to the original divorce proceeding, a party must show a material change of conditions which requires a change of custody in the best interests of the child. Ogletree v. Crates, 363 S.W. 2d 431 (Tex.Sup.1963); 20 Tex.Jur.2d Divorce and Separation sec. 343 (1960). Nevertheless, the primary and dominant concern when parents conflict over the custody of minor children is the best interest of the children. Farris v. Farris, 404 S.W.2d 638, 640 (Tex.Civ.App.—Amarillo 1966, no writ). Changed conditions and the welfare of the children are questions of fact for the jury, and the jury's findings are binding on the court if supported by evidence of probative value. Kirchner v. Van Skike, 410 S.W.2d 467, 468–469 (Tex.Civ.App.—Tyler 1966, no writ). In passing on the existence of probative evidence the reviewing court must accept those inferences favorable to the appellee which his evidence will reasonably support. Farris v. Farris, supra, 404 S.W.2d at 639. Even though evidence is conflicting, an appellate court in a child custody case is bound by a finding of changed conditions which is supported by substantial evidence. Kovsky v. McNutt, 254 S.W.2d 571, 574 (Tex.Civ.App.—Amarillo 1952, no writ).

The record in this case presents facts adequate to justify the court's judgment based on the jury verdict of materially changed conditions. In the first place appellant has voluntarily permitted Jamie Sue to be raised by her grandparents since she was about two years old. She admits that she voluntarily relinquished the child to them for at least the past six years. In the exercise of her custody she has voluntarily left the child in the home of the paternal grandparents. She should not be allowed to complain now when appellee seeks to maintain the status quo that she voluntarily created.

Appellant urges in her brief, and we agree, that there is not sufficient evidence to establish that she abandoned her child. On the contrary, as it suited her convenience, she visited the child frequently. She has taken her overnight and for weekends on many occasions when she has been in Houston. Nevertheless, her voluntary relinquishment is a basis for finding a material change of condition. Appellee had no burden of proving abandonment.

In Kovsky v. McNutt, supra, the mother received custody of the two minor children in the divorce proceeding. She placed them in foster homes for about two years. By then she had remarried, and she took the children to live with her. After nine months she voluntarily delivered the children to their father and agreed to a visitation schedule. The children had remained with their father for twenty months at the time of the trial on his motion for change of custody. The trial court awarded custody to the father and the Court of Civil Appeals affirmed. Although the Court stressed the fact that the relinquishment was not the sole evidence of changed conditions, it stated:

"In concluding that a change of conditions had occurred since the divorce which affected the children's welfare, the trial court probably took into consideration in its findings that the children had been in their mother's home only nine months out of the five years they were in her custody. . . ."

Other factors enter the case under consideration in addition to appellant's relinquishment of her child to the grandparents. Without implying any improper motive to the appellant or to the other parties involved it is simply a fact that the child has an established "home." She has a room of her own, love, proper food, care, and opportunity for an education. It would be disruptive to remove her from this stable environment.

Other evidence justifes the finding of a material change in condition. Since her

divorce from appellee nine years ago appellant has been married three times. One marriage lasted only eighteen days. We do not lay these failures on appellant nor consider them necessarily to be to her discredit. Nevertheless, her deep and emotional reaction to these unfortunate developments is clear in the record. She sustained a severe depression. Her emotional state was such that she felt compelled to leave Houston on one occasion for two or three months, and on the other she left for over a year. Although we hope and believe that her present happy marriage and circumstances will continue we must say that the evidence does not *compel* the conclusion that appellant can now offer Jamie Sue a stable and secure home. We have examined the record from the standpoint of both the "no evidence" points and the "insufficiency" points under the applicable guide lines established by the Supreme Court. We overrule appellant's points one through seven.

■ In her eighth point appellant claims that it was error to give appellee custody of the child because the uncontroverted evidence showed that appellee would not take actual custody, but would leave the child in the custody of the paternal grandparents. Appellant urges that Sims v. Cole, 264 S.W.2d 185 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.) supports her position in this regard.

The evidence in this case does not conclusively show that appellee would leave the child entirely in the custody of her paternal grandparents. He testified that he visited with his child and loved her. He further testified that he was not trying to remove the child from the surroundings which she had enjoyed for some eight years because she is stable, has a nice place to live, and is happy. He would take her

if she "wants to live with me." He lives only two blocks from his daughter and the grandparents. He further stated that he was always at hand if needed, and if anything happened to the grandparents he would "raise her right." He testified that he wanted to raise the child "right now."

■ A number of distinctions from Sims v. Cole, supra, exist in this case. In the first place, as the evidence above reflects, appellee was in no sense gaining custody of the child for the grandparents alone. Secondly, in Sims the non-custodial parent was seeking custody to defeat the actual custody. In the present case, the non-custodial parent is seeking custody to maintain the actual custody. Thirdly, in Sims the father was out of the country and had no plans to return in the foreseeable future, while the father here lives only two blocks away. Lastly, appellant created the present situation in which Jamie Sue enjoys a happy and stable homelife. She is attempting to disrupt this situation which she voluntarily created. A change of custody disrupts a child's homelife and personal relationships and should therefore be ordered only when the court is convinced that it would be a positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955). In this case a change of legal custody would prevent rather than cause a disruption in Jamie Sue's life.

■ The trial court's judgment grants liberal visitation rights to appellant which generally coincide with the amount of time that she has voluntarily wished to spend with the child in the past. Under all of the circumstances, we hold that the trial court did not abuse its discretion in awarding custody to appellee.

Judgment affirmed.