**In re Jo Anna SALINAS, a minor.**

**No. 1004.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 26, 1975.

Roger C. Rocha, Juarez & Rocha, Austin, for appellant.

James W. Williams, III, Robstown, for appellee.

## OPINION

YOUNG, Justice.

In this case the trial court granted the petition of Thomas Garcia and Gilma Garcia to adopt Jo Anna Salinas, born September 9, 1967, the daughter of Gilberto Salinas and Amanda Jasso Salinas. Neither of the natural parents consented to the adoption. The petitioners sought the adoption under Tex.Rev.Civ.Stat.Ann. art. 46a, § 6(a) (1969), which provides that no consent of the child's parents is necessary if the parents, for a period of two years, voluntarily abandon the child or fail to contribute substantially commensurate with their financial ability to the support of the child.

After a non-jury trial, the trial court signed and rendered its decree of adoption on February 10, 1975. No findings of fact or conclusions of law were requested nor filed. From that decree Mr. and Mrs. Salinas, the natural parents of Jo Anna, appeal.

The events leading to the filing of this adoption proceeding are these: Jo Anna was placed in the care and custody of the Garcias during the time when the parents were having medical difficulties with another of their children and when Jo Anna was only about two months old. The mother was making frequent trips from the family home in Zapata to San Antonio where the ill child was hospitalized. At times the mother was gone for periods of two or three weeks.

Also, at this time, the appellants had four other children besides Jo Anna. The mother of Mrs. Salinas was taking care of the three older children, and Mrs. Garcia, paternal aunt of Jo Anna, together with her husband agreed to take care of Jo Anna. Whereupon the appellees took Jo Anna to their home in Robstown where they have cared for and supported her continuously ever since.

About six years later, on November 1, 1973, the Garcias filed their petition for adoption and the trial thereon was begun November 25, 1974. Thereafter, on February 10, 1975, the trial judge signed the decree from which this appeal was taken.

In two points of error the appellants say this case should be reversed because within the meaning of our adoption statutes: (1) there is no proof of parental abandonment; (2) the failure of the parents to support was excusable. Further, pursuant to Rules 414 and 419, T.R.C.P., the appellants, by motion, request us to preclude appellees from filing a tardy brief or from contesting the statement of facts as presented in appellants' brief.

We will consider the matter of appellees' tardy brief first. In that regard, the facts and circumstances are these: Appellants timely filed their brief after having properly filed with us the record. On the day set for submission of the case and oral argument thereon, the appellants' attorney did present argument. Appellees' attorney, however, presented no argument, but he did at that time submit a motion requesting leave to file a brief at a later time. The reason given for the request was that the appellees' attorney had been mistaken about the day set for submission. Whereupon we informed the appellees' attorney that he would be permitted to submit a

brief within five days (which he did) and that we would decide later whether to permit the filing thereof. We now hold that the appellees have not shown good cause for their failure to timely file their brief initially. Therefore we refuse the filing of their tendered brief.

■■ In the appellants' motion they also urge us to accept as correct the facts as presented in their brief. Even though the appellees have not filed a brief (or, as here, where the filing thereof has been refused) we still have discretion whether to accept as correct appellants' statements in their brief. Rule 419, T.R.C.P.; *Clyde v. Hamilton,* 414 S.W.2d 434 (Tex.Sup.1967). Because the future welfare of a child is here involved, we deem it appropriate for us to elect to review the entire record; which we do. See *Davis v. Davis,* 499 S.W.2d 922 (Tex.Civ.App.— Houston (14th Dist.) 1973, no writ).

As we mentioned, the appellees alleged both abandonment and failure to contribute by the appellants as grounds for adoption without parental consent. We cannot determine whether the trial court based its judgment on both alleged grounds or on only one of them. This is so because no findings nor conclusions were filed, nor does the judgment so show the ground or grounds.

■ Nevertheless, where no findings or conclusions were requested or filed, the trial court's judgment should be sustained if it can be upheld on any legal theory supported by the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup.1962); *Jordan v. Hancock,* 508 S.W.2d 878 (Tex.Civ.App.— Houston (14th Dist.) 1974, no writ). We believe the trial court's judgment can be upheld on the failure to contribute ground, but not on the abandonment ground.

■ In appellants' second point of error they contend that the evidence shows that the period of non-support by the parents was excusable because of the parents' financial circumstances and of the refusal of appellees to accept any contribution toward support of the child.

About the natural parents' financial circumstances, the evidence here shows that the appellant father earned approximately $75.00 per week; that the appellants have five children besides Jo Anna, one having been born after Jo Anna; that the appellant mother does not work. Further, Mrs. Salinas, the appellant mother, testified that they would have been able to support the child during all the years that the child lived with the appellees.

From this evidence we believe the trial court could properly infer that the financial circumstances of the appellants did not preclude their furnishing some support to the appellees on behalf of Jo Anna. Especially is this so in view of Mrs. Salinas' admission about the appellants' ability to provide support.

About the refusal of the appellees to accept support, the natural parents said that they often offered the adoptive parents money and other help toward Jo Anna's support, but that the Garcias would always refuse to accept the proffered contributions. On the contrary, the Garcias said that the natural parents never at any time offered to help with the support and care of Jo Anna.

■ So what we have is a conflict in the testimony which is within the province of the trial court to resolve. And it appears that the trial court resolved the conflict in favor of the Garcias and found no refusal by them to accept offered contributions for Jo Anna. Or as correctly pointed out in *Rubey v. Kuehn,* 440 S.W.2d 95, 99 (Tex. Civ.App.—Houston (1st Dist.) 1969, writ ref'd):

" . . . The court heard and saw the witnesses testify. He is in a better position than are we to judge their credibility and the weight to be given their testimony."

And further, regarding the trial court's latitude in adoption matters, the Court in *Rubey* stated at page 99:

"Clearly, whether an adoption should be granted is within the discretion of the trial court. This discretion is subject to review for abuse. We may not, however, substitute our judgment for that of the trial court just because we might have reached different conclusions."

We cannot say therefore, that under the record the trial court erred in granting the adoption upon the ground of non-support by the natural parents.

Appellants rely principally on *Heard v. Bauman,* 443 S.W.2d 715 (Tex.Sup.1969) to support their position that they were justified in not contributing to the child's support. The evidence in that case revealed without dispute that the mother, who had been having marital difficulty with her second husband, and having received no funds from either the father of the children or her second husband, made arrangements to leave the children with the grandparents. She had little income from employment. This testimony was uncontroverted and the Supreme Court held that the mother's failure to contribute was excusable because of her financial inability to do so.

*Heard* is distinguishable from our case where there is an admission by the natural parents of ability to support and the evidence about reasons for failure to contribute is in conflict. Appellants' second point is overruled.

■ Even though we have held that the trial court's judgment should be upheld on the ground of non-support by the natural parents, we will consider the appellants' first point about abandonment. In that regard, the evidence shows that the natural parents initially made arrangements for Jo Anna to stay with the Garcias and that they frequently visited with Jo Anna when she accompanied the Garcias to the home of Mrs. Garcia's sister who lived in Zapata. Under the holding of *Hendricks v. Curry,* 401 S.W.2d 796 (Tex.Sup.1966), we believe that the evidence fails to show intentional abandonment, within our adoption statutes,

of Jo Anna by her natural parents. Appellants' first point is sustained.

The judgment of the trial court is affirmed.